FILED

January 13, 2017

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

Time: 10:30 A.M.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Dwight Mitchell | ) | Docket No.  2015-06-0954 |
| | ) | 2015-06-0955 |
| v. | ) | |
| | ) | State File No.  88416-2015 |
| Randstad North America, et al. | ) | 88417-2015 |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims, | ) | |
| Kenneth M. Switzer, Chief Judge | ) | |

---

### Affirmed and Certified as Final — Filed January 13, 2017

---

In this second appeal of this case, the employee contests the trial court's grant of summary judgment in favor of the employer.  The employee had asserted a claim for workers' compensation benefits arising from an alleged work injury dated prior to July 1, 2014, and also filed petitions with the Bureau of Workers' Compensation alleging aggravations or injuries occurring after July 1, 2014.  The parties entered into a settlement agreement that was approved by the Davidson County Circuit Court, which purported to resolve the original injury as well as alleged aggravations of that injury and the employee was paid $25,000.  Following an expedited hearing, the Court of Workers' Compensation Claims denied the employee's request for additional benefits arising from the alleged post-July 1, 2014 events and we affirmed.  Subsequently, the employer filed a motion for summary judgment, arguing there were no genuine issues of material fact and the employer was entitled to judgment as a matter of law.  The trial court granted the employer's motion and dismissed the employee's claim with prejudice.  The employee has appealed.  Having carefully reviewed the record, we affirm the trial court's decision and certify the order as final.

Judge Timothy W. Conner delivered the opinion of the Appeals Board in which Presiding Judge Marshall L. Davidson, III, joined.  Judge David F. Hensley dissented.

Dwight Mitchell, Madison, Tennessee, employee-appellant, pro se

W. Troy Hart, Knoxville, Tennessee, for the employer-appellee, Randstad North America

**Factual and Procedural Background**

Dwight Mitchell ("Employee"), a fifty-four-year-old resident of Davidson County, Tennessee, alleged injuries to multiple body parts as the result of an accident on April 9, 2014, while working for Randstad North America ("Employer"). Employer provided medical and temporary disability benefits as a result of that claim. Employee alleged subsequent aggravations of his condition as a result of incidents on September 23, 2014, while working light duty, and on March 12, 2015, while participating in physical therapy.[1] Employee filed petitions with the Bureau of Workers' Compensation on November 13, 2015, seeking benefits for the alleged aggravating events.

On November 25, 2015, the parties appeared before the Davidson County Circuit Court for presentation of a joint petition for approval of a settlement agreement. The court approved the settlement in a final decree entered the same day. The joint petition stated that Employee sustained injuries to his back, neck, legs, arms, head, hips, and chest in a work-related accident on April 9, 2014. It also described the alleged aggravations of these injuries that occurred on September 23, 2014 and March 12, 2015, which were the same injuries alleged in the petitions filed in the present case. The decree approving the parties' settlement agreement reflects that Employee had accepted a lump sum payment of $25,000 for "full, final and complete settlement and discharge of [Employer] and its insurer from any further liability to [Employee] for any claimed medical condition or disability . . . by reason of said alleged accident *or aggravations*." (Emphasis added.) The decree further provided that Employer would not be responsible for any "past, present or future medical expenses" related to the alleged injuries. The joint petition indicated the parties' agreement that "there is always the possibility of later manifestations of injury, further and additional disability and resulting medical expenses, nonetheless, in consideration of the foregoing possibility or probability, all parties enter into this settlement agreement in lieu of any other workers' compensation . . . benefits."

After the Davidson County Circuit Court entered the decree approving the parties' settlement on November 25, 2015, Employee continued to pursue benefits arising from the alleged aggravating events that were part of the $25,000 settlement. Employer denied it was liable for any additional benefits, asserting that Employee had settled all such claims as part of the circuit court settlement. Employee filed a request for expedited hearing in the Court of Workers' Compensation Claims. Following a hearing, the trial court denied benefits, finding Employee had failed to present sufficient proof he would likely prevail at a hearing on the merits. We affirmed in an opinion dated August 11, 2016, stating:

---

[1] Because of the procedural posture of this case, the record is vague with respect to the extent or nature of Employee's alleged injuries or the incidents giving rise to them.

To the extent Employee alleges that he suffered distinct, compensable injuries on September 23, 2014 and March 12, 2015 for which he is owed benefits under post-reform statutes, there is nothing in the record beyond Employee's bare allegations supporting such a claim. To the extent Employee alleges that he suffered aggravations on September 23, 2014 and March 12, 2015 entitling him to additional benefits under pre-reform law and that the parties' court-approved settlement should be set aside, such arguments should be addressed to the Davidson County Circuit Court. We note that prior to this action, Employee characterized the incidents at issue as aggravations of the April 9, 2014 injury, and they were specifically addressed in the parties' court-approved settlement.

Thereafter, Employer filed a motion for summary judgment, accompanied by a memorandum of law and a statement of undisputed material facts, asserting that it was entitled to judgment as a matter of law due to Employee's having settled the very claims for which he is now seeking benefits. After another hearing, the trial court granted Employer's motion for summary judgment, finding Employee's response to be insufficient pursuant to Rule 56 of the Tennessee Rules of Civil Procedure. The trial court dismissed Employee's claim with prejudice, and Employee appealed. We again affirm the trial court's decision.

## Standard of Review

The standard we apply in reviewing a trial court's decision is statutorily mandated and limited in scope. Specifically, "[t]here shall be a presumption that the findings and conclusions of the workers' compensation judge are correct, unless the preponderance of the evidence is otherwise." Tenn. Code Ann. § 50-6-239(c)(7) (2015). The trial court's decision may be reversed or modified if the rights of a party "have been prejudiced because findings, inferences, conclusions, or decisions of a workers' compensation judge:

(A)  Violate constitutional or statutory provisions;
(B)  Exceed the statutory authority of the workers' compensation judge;
(C)  Do not comply with lawful procedure;
(D)  Are arbitrary, capricious, characterized by abuse of discretion, or clearly an unwarranted exercise of discretion; or
(E)  Are not supported by evidence that is both substantial and material in the light of the entire record."

Tenn. Code Ann. § 50-6-217(a)(3) (2015). However, a trial court's ruling on a motion for summary judgment is reviewed de novo, with no presumption of correctness. *See Wallis v. Brainerd Baptist Church*, No. E2015-01827-SC-R11-CV, __ S.W.3d __, 2016 Tenn. LEXIS 920, at *17 (Tenn. Dec. 22, 2016).

3

**Analysis**

When a party who does not bear the burden of proof at trial files a motion for summary judgment, the party must do one of two things: (1) "[s]ubmit[] affirmative evidence that negates an essential element of the nonmoving party's claim" or (2) "[d]emonstrate[] to the court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim." Tenn. Code Ann. § 20-16-101 (2016). If the moving party is successful in meeting this initial burden of production, the nonmoving party must then establish that the record contains specific facts upon which a trier of fact could base a decision in that party's favor. *See Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 265 (Tenn. 2015). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04.

In addition to the requirements noted above, Rule 56.03 provides specific filing requirements for both the moving party and the nonmoving party. The moving party must file a statement of undisputed material facts with its motion for summary judgment, ensuring that each fact is accompanied by a citation to the record. Tenn. R. Civ. P. 56.03. Likewise, the nonmoving party is instructed to respond to this statement of undisputed facts, indicating it agrees the fact is undisputed or demonstrating that the fact is disputed by providing a citation to the record. *Id.*

In its order granting summary judgment and dismissing Employee's claim, the trial court made several observations. First, the court noted that Employee had failed to comply with the requirements of Rule 56.03 by responding to Employer's statement of undisputed material facts with specific citations to the record. We agree. While we acknowledge the challenges a self-represented litigant may face in presenting his or her case, we cannot excuse that party from following the same substantive rules that bind represented parties. *See, e.g.*, *Bates v. Command Ctr., Inc.*, No. 2014-06-0053, 2015 TN Wrk. Comp. App. Bd. LEXIS 10, at *3 (Tenn. Workers' Comp. App. Bd. Apr. 2, 2015). As one court has observed,

> [p]arties who decide to represent themselves are entitled to fair and equal treatment by the courts. The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe.

4

*Akard v. Akard*, No. E2013-00818-COA-R3-CV, 2014 Tenn. App. LEXIS 766, at *11 (Tenn. Ct. App. Nov. 25, 2014).

The trial court also noted that Employee failed to present any evidence that he had not settled his claims as Employer asserted. Specifically, Employer contended that the claims for which Employee is currently seeking benefits were included within the scope of the November 25, 2015 settlement agreement, which was duly approved by the Davidson County Circuit Court. Employer correctly noted that the settlement documents specifically referenced the September 23, 2014 and the March 12, 2015 aggravations as being within the scope of the settlement. Specifically, the joint petition reflects that Employee "sustained additional aggravations of his injuries on September 23, 2014, and March 12, 2015." The decree entered on November 25, 2015 reflects that Employee "allege[d] he sustained aggravations of [the April 9, 2014] injury on September 23, 2014, and March 12, 2015." Language in the decree released Employer from "any further liability to [Employee] for any claimed medical condition or disability . . . by reason of said alleged accident *or aggravations*." (Emphasis added.) Employee expressed understanding of his potential TennCare and Medicare liability with respect to the work-related injuries *and aggravations*. Moreover, Employee admitted in his affidavit that he expressed to the circuit court his understanding of the joint petition at the time the settlement was presented for approval.

While the merits of Employee's claim that he suffered new and distinct injuries, or compensable aggravations of his pre-existing condition, are not before us, we observe that, by approving the joint petition presented to it on November 25, 2015, the circuit court was required to make certain findings. Because the alleged aggravations occurred after July 1, 2014, jurisdiction over those injuries would rest with the Court of Workers' Compensation Claims under Tennessee Code Annotated section 50-6-237, unless they were deemed to be temporary aggravations arising from the April 9, 2014 injury.[2] By presenting this matter to the circuit court for settlement approval and affirming that he understood the terms of the joint petition, Employee was, at least implicitly, acknowledging that these alleged post-July 1, 2014 events were temporary aggravations of his earlier claim. Moreover, the circuit court, by exercising jurisdiction over these alleged injuries and approving the settlement agreement, implicitly determined that the September 2014 and March 2015 events were temporary aggravations arising from the April 9, 2014 injury.[3] It is not our role to second-guess the parties' decision to settle the

---

[2] Neither we nor the Court of Workers' Compensation Claims has jurisdiction over claims arising from dates of injury prior to July 1, 2014.

[3] Our dissenting colleague asserts that in affirming the trial court's grant of summary judgment in favor of Employer, we have failed to resolve "reasonable inferences" in favor of Employee. In our opinion, however, the critical term to consider is the word "reasonable," which we do not believe fairly applies to the inference our colleague advocates. In our opinion, it is not a "reasonable inference" that Employee expected to enter into a settlement with Employer, sign settlement documents that included a description

5

case and present the settlement for approval to the circuit court, or to assess the appropriateness of the circuit court's action in approving the settlement given the particular circumstances presented.[4]  However, we can consider whether the pleadings and exhibits in the record, including the joint petition and the circuit court's final decree, support Employer's position in its motion for summary judgment.  In response to Employer's motion, Employee presented no evidence that the purported post-July 1, 2014 events constituted new injuries or compensable aggravations not otherwise resolved by the November 25, 2015 settlement, other than the bare allegations contained in his petitions for benefit determination and affidavit.[5]

The law is clear that a nonmoving party "may not rest upon the mere allegations or denials of [its] pleading, but must respond, and by affidavits or one of the other means provided in Tennessee Rule 56, set forth specific facts *at the summary judgment stage* showing that there is a genuine issue for trial."  *Rye*, 477 S.W.3d at 265 (emphasis in original).  Here, Employee failed to point to any specific facts or present any countervailing evidence supporting his claim, relying instead on the bare allegations of his pleadings.  He has failed to show a "genuine issue for trial" and, therefore, we find no error in the trial court's decision granting Employer's motion for summary judgment.

Finally, we note our dissenting colleague's assertion that the trial court failed to adequately address the burden of production borne by Employer in moving for summary judgment.  Specifically, the dissent argues Employer's statement of undisputed material facts is legally insufficient to comply with Rule 56 of the Tennessee Rules of Civil Procedure because it did not refute Employee's contention that he suffered new and distinct injuries on September 23, 2014 and March 12, 2015.  We respectfully disagree.  As noted above, these alleged dates of injury are specifically addressed in the joint petition and final decree filed in the Davidson County Circuit Court.  These alleged injuries are consistently described as aggravations of the April 9, 2014 injury suffered by

---

of the post-July 1, 2014 events as "aggravations" of the April 9, 2014 work accident, present that settlement to a circuit court judge for approval, and then, after receiving settlement proceeds, assert in a different court that the exact same events constituted new, compensable injuries for which benefits are owed.

[4] In Tennessee, a party in a civil case generally cannot use one trial court to collaterally attack the order of another court.  *See, e.g.*, *Sims v. Adesa Corp.*, 294 S.W.3d 581, 586 (Tenn. Ct. App. 2008) ("as a general matter, another court's orders are not subject to collateral attack").  Similarly, a party may not ask one trial court to set aside or disregard the final order of another court on the basis of, among other grounds, fraud or that the judgment is void.  *See Harris v. Tenn. Rehabilitative Initiative in Corr.*, No. M2013-00501-COA-R3-CV, 2014 Tenn. App. LEXIS 254, at *12-13 (Tenn. Ct. App. Apr. 30, 2014).

[5] As stated by the trial court, "the critical, undisputed material fact is that the parties settled all claims of 'additional aggravations of his injuries on September 23, 2014, and March 12, 2015,' as a 'full, final and complete settlement and discharge of Randstad North America and its insurer from any further liability[.]'  Simply put, [Employee] already obtained his remedy."

Employee while working for Employer. Employer's reliance on these exhibits supports its motion for summary judgment and its position that Employee's proof is insufficient at the summary judgment stage to establish an essential element of Employee's claim, i.e., that he suffered new and distinct injuries or compensable aggravations of his pre-existing condition not resolved by the November 25, 2015 settlement. While Employer's motion and statement of undisputed material facts are not particularly compelling, we find the trial court's decision was supported by the record as a whole, in accordance with Rule 56.04.

## Conclusion

For the foregoing reasons, we hold that the evidence does not preponderate against the trial court's decision. Nor does the trial court's decision violate any of the standards set forth in Tennessee Code Annotated section 50-6-217(a)(3). Accordingly, the trial court's decision is affirmed and the order of dismissal is certified as final.



FILED
January 13, 2017
TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD
Time: 10:30 A.M.

**TENNESSEE BUREAU OF WORKERS' COMPENSATION**
**WORKERS' COMPENSATION APPEALS BOARD**

| | |
|---|---|
| Dwight Mitchell ) | Docket No.    2015-06-0954 |
| ) | 2015-06-0955 |
| v. ) | |
| ) | State File No.  88416-2015 |
| Randstad North America, et al. ) | 88417-2015 |
| ) | |
| ) | |
| Appeal from the Court of Workers' ) | |
| Compensation Claims, ) | |
| Kenneth M. Switzer, Chief Judge ) | |

---

**Dissent - Filed January 13, 2017**

---

Hensley, J., dissenting.

The majority affirms the trial court's grant of summary judgment, finding the employee failed to take the action necessary to survive the employer's motion. Respectfully, I dissent. In my opinion, the employer failed to satisfy its burden of proof to either negate an essential element of the employee's claim or to demonstrate that the employee's evidence was insufficient to establish his claim. The trial court erred in placing the burden on the employee to establish the existence of specific facts in the record that could lead the trial court to find in his favor without first requiring the employer to meet its burden of proof. Thus, in my view, the employer is not entitled to a judgment as a matter of law, and I would reverse the grant of summary judgment.

Summary judgment is appropriate when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Tenn. R. Civ. P. 56.04; *see also Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 83 (Tenn. 2008). The burden is on the moving party of demonstrating *both* that no genuine issue of material fact exists *and* that it is entitled to a judgment as a matter of law. *Martin*, 271 S.W.3d at 83. When, as here, the moving party does not bear the burden of proof at trial, the moving party may satisfy its burden of production by either: (1) affirmatively negating an essential element of the nonmoving party's claim; or (2) demonstrating that the nonmoving party's evidence at the summary judgment stage is insufficient to establish the nonmoving party's claim or defense. *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 264 (Tenn. 2015); *see also*

1

Tenn. Code Ann. § 20-16-101 (2016). If the moving party satisfies this burden of proof, *only then* must the nonmoving party demonstrate there is a genuine, material factual dispute, and failing to do so will result in the motion for summary judgment being granted. *See Byrd v. Hall*, 847 S.W2d 208, 211 (Tenn. 1993). A trial court's decision on a motion for summary judgment presents a question of law to be reviewed de novo with no presumption of correctness. *Rye*, 477 S.W.3d at 250.

After citing the burden of proof codified in Tennessee Code Annotated section 20-16-101 (2016), the trial court, rather than analyzing whether the employer had met its burden, concluded that "[t]hus, [the employee], as the nonmoving party, must demonstrate the existence of specific facts in the record which could lead a trier of fact to find in [his] favor." The trial court determined that the employee's response to the employer's statement of undisputed facts was "defective," noting that none of the disputed facts identified by the employee were supported by specific citations to the record as required by Tennessee Rule of Civil Procedure 56.03. Additionally, the trial court stated that none of the employee's "proposed Additional Disputed Material Facts contained citations to the record." For the employee to avoid summary judgment, the trial court stated that the employee "had to demonstrate that he could establish the essential element of his claim. In other words, he had to show that he did not settle his claim for benefits as part of the Davidson County Circuit Court Final Decree."

While the trial court and my colleagues may be correct in determining that the employee's response to the employer's motion was defective, in my opinion, the trial court omitted the initial critical step of determining whether the employer had met its burden of proof, i.e., demonstrating there are no genuine and material facts in dispute and that it is entitled to judgment as a matter of law. To meet this burden, the employer was required to either affirmatively negate an essential element of the employee's claim, or demonstrate that the employee's evidence was insufficient to establish his claim. *See Rye*, 477 S.W.3d at 264; Tenn. Code Ann. § 20-16-101. In my opinion, the trial court strayed from the appropriate analysis by turning its focus to the employee's response to the motion before analyzing whether the employer's motion itself was sufficient to meet its burden.

The trial court stated that the employer's motion "indicated it denied [the employee's] post-July 1, 2014 claims because they were resolved by virtue of the Davidson County Circuit Court Final Decree," noting that the employee "submitted nothing to challenge this assertion." Why the employer denied the employee's claims is irrelevant to the issue at hand. The initial issue the trial court should have addressed was whether the employer met its burden by either negating an essential element of the employee's claim or demonstrating that the employee's evidence was insufficient to establish an essential element of his claim. Yet, the trial court, after quoting the statutory burden of the moving party, stated that "in this Court's estimation, the critical, undisputed material fact is that the parties settled all claims of 'additional aggravations of [the

employee's] injuries on September 23, 2014, and March 12, 2015,' as a 'full, final and complete settlement and discharge of [the employer] and its insurer from any further liability.'" As stated by the trial court, "[s]imply put, [the employee] already obtained his remedy." Irrespective whether the trial court was correct in its determination that the employee had already obtained his remedy, the trial court nonetheless failed to properly analyze whether the employer's motion was sufficient to comply with the requirements of Rule 56 and section 20-16-101.

The Workers' Compensation Reform Act of 2013 rewrote the workers' compensation law, providing that it "shall be controlling for any claim for workers' compensation benefits . . . when the date of injury is on or after July 1, 2014," and vesting the Court of Workers' Compensation Claims with "original and exclusive jurisdiction over all contested claims for workers' compensation benefits when the date of the alleged injury is on or after July 1, 2014." Tenn. Code Ann. §§ 50-6-101, -237 (2016). Thus, the Davidson County Circuit Court did not have jurisdiction to approve the settlement of claims for workers' compensation benefits having injury dates of September 23, 2014 and March 12, 2015. These are the dates of injury alleged in the two petitions for benefit determination filed by the employee twelve days before the entry of the Davidson County Circuit Court Final Decree. Jurisdiction over those claims lies exclusively with the Court of Workers' Compensation Claims. The employee's response to the motion for summary judgment asserted that he suffered injuries occurring after July 1, 2014, and that Davidson County Circuit Court did not have jurisdiction over claims occurring on or after July 1, 2014.

My colleagues avoid the jurisdiction issue with their interpretation of the language in the circuit court joint petition and final decree addressing the employee's allegations that he "sustained aggravations of [the April 9, 2014] injury on September 23, 2014, and March 12, 2015." In essence, my colleagues interpret the language to *infer* an acknowledgment by the employee that his medical conditions resulting from the incidents alleged to have occurred on these two dates were merely aggravating episodes of the April 2014 injury and not separate injuries subject to the Workers' Compensation Reform Act of 2013. The majority opinion states that by presenting the settlement of the April 2014 injury claim to the circuit court, the employee "was, *at least implicitly*, acknowledging that these post-July 1, 2014 events were temporary aggravations of his earlier claim." (Emphasis added.) However, as noted above, there is no presumption of correctness that attaches to a trial court's ruling on a motion for summary judgment, and a reviewing court must "make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied." *Rye*, 477 S.W.3d at 250. In doing so, we are "required to review the evidence in the light most favorable to the nonmoving party and to draw *all reasonable inferences* favoring the nonmoving party." *Martin*, 271 S.W.3d at 84 (emphasis added).

3

In its motion, the employer argued that the circuit court decree entered on November 25, 2015, resolved the claims made by the employee in the two petitions for benefit determination and, thus, any further recovery was barred by the terms of the decree. The employer stated that "the parties do not genuinely dispute that Employee relieved the Employer of all liability resulting from the alleged injuries contained in the [two petitions for benefit determination] for consideration after the November 25, 2015 settlement was accepted by the Employee." However, the employee alleged in his filings that he sustained new injuries on September 23, 2014, and March 12, 2015, which were separate and distinct from the injuries he sustained on April 9, 2014. In its statement of undisputed facts, the employer lists eight facts, none of which address whether the employee sustained new injuries on September 23, 2014, and March 12, 2015. Rather, the employer addresses the fact that the April 9, 2014 injury was settled along with alleged aggravations of those injuries. However, the employer set forth no fact or argument in its motion, its memorandum of law, or its statement of undisputed material facts addressing the employee's claim that he suffered new injuries beyond asserting that any "new" injuries were settled in the circuit court. While I agree with the majority's statement that the employer's "motion and statement of undisputed material facts were not particularly compelling," I disagree with the majority's conclusion that the trial court's decision was supported by the "record as a whole, in accordance with Rule 56.04."

In filing his petitions for benefit determination, the employee has alleged material facts that are in dispute, i.e., the existence of new and distinct injuries occurring after July 1, 2014. Those allegations remain unanswered by the employer, except for the assertion that the employee's claims for those injuries were resolved in the circuit court decree. In neither its motion nor its brief on appeal does the employer address the jurisdiction issue or the authority of a circuit court to approve the settlement of claims for workers' compensation benefits for injuries occurring after July 1, 2014. The employer's motion and its accompanying memorandum of law and statement of undisputed facts are insufficient to negate any element of the employee's claims or to demonstrate that the employee's evidence was insufficient. Accordingly, in my opinion the trial court erred in granting the employer's motion, and I would reverse the trial court's decision and remand the case.

4



**FILED**

**January 13, 2017**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 10:30 A.M.**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Dwight Mitchell | ) | Docket No.  2015-06-0954 |
| | ) | 2015-06-0955 |
| v. | ) | |
| | ) | State File No.  88416-2015 |
| Randstad North America, et al. | ) | 88417-2015 |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 13th day of January, 2017.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| **Dwight Mitchell** | | | | | X | Dwightmitchell1222@yahoo.com |
| **Charlie Pierce** | | | | | X | cepierce@mijs.com |
| **W. Troy Hart** | | | | | X | wth@mijs.com |
| **Kenneth M. Switzer, Chief Judge** | | | | | X | Via Electronic Mail |
| **Penny Shrum, Clerk, Court of Workers' Compensation Claims** | | | | | X | Penny.Patterson-Shrum@tn.gov |

Matthew Salyer
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: Matthew.Salyer@tn.gov