**Adam SIMS, et al.**

v.

**ADESA CORPORATION.**

Court of Appeals of Tennessee.
Eastern Section, at Knoxville.

Dec. 3, 2007 Session.

March 25, 2008.

Permission to Appeal Denied by Supreme Court Oct. 27, 2008.

**582**

Francis A. Cain and Matthew A. Grossman, Knoxville, Tennessee, for the appellant, A.D.E. of Knoxville, LLC.

Ronald J. Berke, Chattanooga, Tennessee, for the appellees, Adam Sims and Carla Sims.

## OPINION

SHARON G. LEE, J., delivered the opinion of the court, in which HERSCHEL P. FRANKS, P.J., and CHARLES D. SUSANO, JR., J., joined.

In this interlocutory appeal, the primary question presented is whether a party can be deemed served for the purpose of tolling the statute of limitations under Tenn. R. Civ. P. 3 and the saving statute when there has been no actual service of process. The plaintiffs filed a personal injury suit arising out of a car accident against Adesa Corporation in Knox County. Adesa Corporation was not served with process, and process was not reissued within one year in compliance with Tenn. R. Civ. P. 3. However, the trial court entered an order "deeming" the defendant served, and the plaintiffs then nonsuited their case. Within a year of the nonsuit, but more than a year from the date of the car accident, the plaintiffs re-filed the same suit in Loudon County. The defendant filed a motion for summary judgment arguing that the case was time-barred under the applicable statute of limitations. The trial court denied the motion, and we granted the defendant's request for interlocutory appeal. After review, we hold that the Loudon County Court erred in denying the motion for summary judgment. The defendant was not served with process in the original action, nor was process reissued within a year so as to toll the statute of limitations. Therefore, the second suit was time-barred, the Knox County trial court was not authorized to deem the defendant served in the absence of actual service, the saving statute was inapplicable, and summary judgment should have been granted to the defen-

dant. The judgment of the Loudon County Circuit Court is reversed, and the case is dismissed.

## I. Background

The dates certain events occurred in this case are important, so we present the operative facts in a chronology, as follows:

1) January 31, 2003—Adam Sims is allegedly struck by a motor vehicle driven by an agent or employee of A.D.E. of Knoxville, LLC ("A.D.E.").

2) December 22, 2003—Adam Sims and his wife, Carla Sims, ("Plaintiffs") filed suit in the Knox County Circuit Court against "Adesa Corporation" for personal injuries allegedly suffered by Mr. Sims. Although suit was filed against "Adesa Corporation" the actual name of the entity the plaintiffs sought to hold liable was "A.D.E. of Knoxville, LLC,"[1] not "Adesa Corporation." On this same date, process was issued to "ADESA CORPORATION" through CT Corporation ("CT") as its registered agent; however, there is no indication that this process was ever returned.

3) January 26, 2004—an alias summons was issued for "ADESA, CORPORATION," through CT Corporation.

4) February 2, 2004—the alias summons was returned with a certification that service had failed and that CT could not identify "ADESA, CORPORATION" and could find no listing for such entity with the Tennessee Secretary of State.

5) January 26, 2005—the expiration of one year since the date of the issuance of the last process.

6) December 16, 2005—Knox County Circuit Court entered an order deeming the defendant served and providing in pertinent part the following:

Adesa Corporation is hereby deemed served. The attorney for the plaintiffs shall send by certified mail, return receipt requested a copy of this Order to the defendant at both CT Corporation and at the defendant's principal place of business. The defendant Adesa Corporation shall then have forty-five (45) days from receipt of this Order to file any responsive pleadings.

7) February 23, 2006—the Plaintiffs filed a notice of nonsuit in the Knox County Circuit Court cause of action, and an order of nonsuit was entered on February 24, 2006, dismissing the case without prejudice. At no time during the pendency of the Knox County Circuit Court suit did A.D.E., Adesa Knoxville, LLC, or any entity designated "Adesa Corporation" make an appearance, nor were answers filed in that suit.

8) April 24, 2006—the Plaintiffs sued "Adesa Corporation" in the Loudon County Circuit Court. The complaint is identical to the prior complaint filed in the Knox County Circuit Court. The Plaintiffs issued summons in the Loudon County suit to "Adesa Corporation" at "1011 Adesa Parkway, Lenoir City, TN 37771," and the summons was returned with certification that "On 4-26, 2006, [the serving officer] delivered a copy of the summons and complaint to the defendant, Adesa Corp. through Debbie Angle, office manager."

Upon being served in the Loudon County case, A.D.E. filed a motion to dismiss the Loudon County suit upon grounds that it was time-barred for failure to comply with Rule 3 of the Tennessee Rules of Civil Procedure. The motion was later renewed by A.D.E.[2] and, in the alternative,

---

1. Affidavits of A.D.E. employees attest that A.D.E. conducts business under the name

"ADESA Knoxville" and is a wholly owned subsidiary of "ADESA, Inc."

2. In the motion of May 19, 2006, the movant

requested that it be granted summary judgment. The Defendant argued, among other things, that the Plaintiffs' suit against it in Loudon County was time-barred under the statute of limitations applicable to an action for personal injury because the Plaintiffs had failed to comply with the requirements of Rule 3 by reissuing process annually and that as a result of their failure to do so, the statute of limitations was not tolled. Additionally, the defendant argued that the December 16, 2005 order of the Knox County Circuit Court deeming service was invalid and was entered after the statute of limitations had already expired.

## II. Issue

The issue we address in this appeal is whether the Loudon County Circuit Court erred in failing to grant the Defendant summary judgment upon the ground that the suit filed by the Plaintiffs in that court was time-barred under the applicable statute of limitations.

## III. Analysis

### A. Standard of Review

Summary judgments enable courts to conclude cases that can and should be resolved on dispositive legal issues. *See Byrd v. Hall*, 847 S.W.2d 208, 210 (Tenn. 1993); *Airport Props. Ltd. v. Gulf Coast Dev., Inc.*, 900 S.W.2d 695, 697 (Tenn.Ct. App.1995). They are appropriate only when the facts material to the dispositive legal issues are undisputed. Accordingly, they should not be used to resolve factual disputes or to determine the factual inferences that should be drawn from the evidence when those inferences are in dispute. *See Bellamy v. Federal Express Corp.*, 749 S.W.2d 31, 33 (Tenn.1988).

To be entitled to a summary judgment, the moving party must demonstrate that no genuine issues of material fact exist and that he or she is entitled to judgment as a matter of law. *See* Tenn. R. Civ. P. 56.04; *Byrd*, 847 S.W.2d at 210; *Planet Rock, Inc. v. Regis Ins. Co.*, 6 S.W.3d 484, 490 (Tenn.Ct.App.1999). A summary judgment should not be granted, however, when a genuine dispute exists with regard to any material fact. *Seavers v. Methodist Med. Ctr.*, 9 S.W.3d 86, 97 (Tenn.1999); *Hogins v. Ross*, 988 S.W.2d 685, 689 (Tenn.Ct.App.1998). Our task on appeal is to review the record to determine whether the requirements for granting summary judgment have been met. *See Hunter v. Brown*, 955 S.W.2d 49, 50–51 (Tenn.1997); *Aghili v. Saadatnejadi*, 958 S.W.2d 784, 787 (Tenn.Ct.App.1997). Tenn. R. Civ. P. 56.04 provides that summary judgment is appropriate where: (1) there is no genuine issue with regard to the material facts relevant to the claim or defense contained in the motion, *see Byrd*, 847 S.W.2d at 210; and (2) the moving party is entitled to a judgment as a matter of law on the undisputed facts. *See Anderson v. Standard Register Co.*, 857 S.W.2d 555, 559 (Tenn. 1993). A party seeking a summary judgment must demonstrate the absence of any genuine and material factual issues. *Byrd* 847 S.W.2d at 214.

When the party seeking summary judgment makes a properly supported motion, the burden shifts to the non-moving party to set forth specific facts establishing the

---

refers to itself as "the defendant, Adesa Corporation." In the subsequent January 12, 2007 motion of renewal and for summary judgment, the movant refers to itself as "Defendant, A.D.E. of Knoxville, LLC, doing business as ADESA Knoxville, apparently inaccurately identified as 'Adesa Corporation' in the complaint filed in this cause...." For purposes of this opinion, the fact that the defendant has referred to itself as both "Adesa Corporation" and "A.D.E." in the Loudon County suit is irrelevant.

existence of disputed, material facts which must be resolved by the trier of fact. *See Byrd* 847 S.W.2d at 215; *see also Robinson v. Omer,* 952 S.W.2d 423, 426 (Tenn. 1997). The non-moving party may not simply rest upon the pleadings, but must offer proof by affidavits or other discovery materials (depositions, answers to interrogatories, and admissions on file) provided by Rule 56.06 showing that there is a genuine issue for trial. If the non-moving party does not so respond, then summary judgment, if appropriate, shall be entered against the non-moving party. Tenn. R. Civ. P. 56.06.

### B. Requirement of Reissuance of Process Under Rule 3

■ As a general matter, an action for personal injury must be commenced within one year of the date the plaintiff sustained injury. Tenn.Code Ann. § 28–3–104(a)(1); *Hunter v. Brown,* 955 S.W.2d 49, 51 (Tenn. 1997). The Plaintiffs' alleged injury occurred on January 31, 2003, and suit was timely filed in Knox County on December 22, 2003. Service of process was issued, but the defendant was never served. The version of Tenn. R. Civ. P. 3 in effect during the relevant time required that process, if not served within 30 days, be reissued within a year from the issuance of the previous process in order for the plaintiff to rely on the original commencement to toll the running of the statute of limitation:

All civil actions are commenced by filing a complaint with the clerk of the court. An action is commenced within the meaning of any statute of limitations upon such filing of a complaint, whether process be issued or not issued and whether process be returned or unserved. *If process* remains unissued for 30 days or *is not served within 30 days from issuance, regardless of the reason, the plaintiff cannot rely upon the original commencement to toll the running*

*of a statute of limitations unless the plaintiff continues the action by obtaining issuance of new process within one year from issuance of the previous process* or, if no process is issued, within one year from the filing of the complaint.

Tenn. R. Civ. P. 3 (emphasis added).

As noted, the Plaintiffs filed suit in Knox County Circuit Court on December 22, 2003, issued process on the same date which was not served, and then issued alias summons on January 26, 2004, which was not served. Process was not reissued within a year of the date of the issuance of the last process on January 26, 2004. To rely on the original filing of the lawsuit to toll the running of the one-year statute of limitations on the personal injury claim, the Plaintiffs were required to have process reissued within one year from January 26, 2004. Because the Plaintiffs did not do so, their claim was time-barred. *Slone v. Mitchell,* 205 S.W.3d 469 (Tenn. Ct.App.2005), *Stitts v. McGown,* No. E2005–02496–COA–R3–CV, 2006 WL 1152649 (Tenn. Ct.App. E.S., filed May 2, 2006).

### C. Effect of Order Deeming the Defendant Served

By order entered December 16, 2005, the Knox County Circuit Court decreed that Adesa Corporation was "deemed" served. The Plaintiffs then filed a notice of nonsuit in the case, and an order of nonsuit was entered on February 24, 2006. The Plaintiffs contend that the timely filing of their complaint in the Knox County Circuit Court and that court's order deeming that Adesa Corporation was served sufficed to toll the statute of limitation for purposes of the Tennessee saving statute. The Plaintiffs contend that pursuant to the saving statute, which provides in pertinent

part as follows, they had one year after the order of nonsuit to re-file their complaint:

> If the action is commenced within the time limited by a rule or statute of limitation, but the judgment or decree is rendered against the plaintiff upon any ground not concluding the plaintiff's right of action ... the plaintiff, or the plaintiff's representatives and privies, as the case may be, may, from time to time, commence a new action within one (1) year after the reversal or arrest.

Tenn.Code Ann. § 28–1–105(a). The Plaintiffs contend that the statute of limitations was tolled under the original lawsuit in Knox County, and that they re-filed the suit in Loudon County on April 24, 2006, which was within one year of the nonsuit, and therefore, the Loudon County Circuit Court did not err in failing to grant motion for summary judgment upon the ground that the second suit was time-barred. We respectfully disagree.

■ We must first determine if the Knox County order deeming the Defendant served can be challenged in the Loudon County case. The Plaintiffs argue that this order is shielded from challenge under the doctrine of res judicata. They assert that Tennessee law provides that res judicata is an absolute bar to issues determined by a prior court, *McKinney v. Widner*, 746 S.W.2d 699 (Tenn.Ct.App. 1987), and protects a final judgment whether "the decree was based upon good law or bad law," *Kolker v. Gelb*, 600 S.W.2d 728, 730 (Tenn.Ct.App.1980). However, the order under review in this case was not a final judgment, but rather an interlocutory order, and accordingly, it is not protected under the doctrine of res judicata. As we have heretofore noted:

> [F]or res judicata ... to apply, the judgment in the prior case must have been final. *See Richardson v. Tennessee Bd. of Dentistry*, 913 S.W.2d 446 (Tenn.

1995). A voluntary nonsuit is not an adjudication of "all the claims and the rights and liabilities of all the parties." Tenn. R. Civ. P. 54.02. Thus, upon dismissal, any interlocutory orders are merely part of the proceedings dismissed and have no binding effect.

*Frank Rudy Heirs Assocs. v. Sholodge, Inc.*, 967 S.W.2d 810, 813 (Tenn.Ct.App. 1997).

■ The Plaintiffs also argue that collateral attack of this order via the Loudon County suit was prohibited, it being well settled in Tennessee that a party may not use a court of general jurisdiction to collaterally attack an order of another court. While we do not disagree that, as a general matter, another court's orders are not subject to collateral attack, that rule is subject to exception, and we do not agree that a collateral attack is precluded under the circumstances of this case. In *Turner v. Bell*, 198 Tenn. 232, 279 S.W.2d 71, 75 (1955), the Tennessee Supreme Court recited the distinction between a direct attack and a collateral attack as follows:

> If an action or proceeding is brought for the very purpose of impeaching or overturning a judgment, it is a direct attack upon it. ... On the other hand, if the action or proceeding has an independent purpose and contemplates some other relief or result, although the overturning of the judgment may be important, or even necessary to its success, then the attack upon the judgment is collateral.

The *Turner* Court further noted that a collateral attack will only lie against a decree void ab initio and further stated as follows:

> Void judgments and decrees being *those that appear on the face of the record itself to have been rendered without jurisdiction of the parties* or the subject matter, or without being justified by the pleadings or the consent of the parties,

void judgments have no efficacy or probative force, and yield to collateral attack.

*Id.* (citing GIBSON'S SUITS IN CHANCERY § 446 (Inman, 4th ed.)) (emphasis added); *See also Wilkins v. McCorkle*, 112 Tenn. 688, 80 S.W. 834, 838 (1904) ("[The rule against collateral attack] presupposes, of course, that the court has acquired jurisdiction of the persons appearing to be parties to the cause."). The face of the Knox County Circuit Court record does not show that that court ever acquired jurisdiction of Adesa Corporation.

Turning now to the Knox County court's order of December 16, 2005, we first note its ambiguous employment of the term "deemed." Black's Law Dictionary offers two definitions of "deem" as follows:

**1.** To treat (something) as if (1) it were really something else, or (2) it has qualities that it doesn't have <although the document was not in fact signed until April 21, it explicitly states that it must be deemed to have been signed on April 14>. **2.** To consider, think, or judge <she deemed it necessary>.

These definitions are accompanied by the following citation, which we believe also merits attention:

"Deem" is a useful word when it is necessary to establish a legal fiction either positively by "deeming" something to be something it is not or negatively by "deeming" something not to be something which it is.... All other uses of the word should be avoided. Phrases like "if he deems fit" or "as he deems necessary" or "nothing in this Act shall be deemed to ..." are objectionable as unnecessary deviations from common speech. "Thinks" or "considers" are preferable in the first two examples and "construed" in the third.... "Deem" is useful but dangerous. It creates an ar-

tificiality and artificiality should not be resorted to if it can be avoided.

BLACK'S LAW DICTIONARY 425 (7th ed.1999) (citing G.C. Thornton, *Legislative Drafting* 83–84 (2d ed.1979) (omissions in original)). Whether the court "deemed" that Adesa Corporation was served in the sense that Adesa Corporation would be treated as having been served, even though it was not actually served, or whether the court used such word in the sense that the court "thought" or "judged" that Adesa Corporation was served, we do not find that the court's action was supported by the law.

■ First, we find no authority which allows a court to treat or "deem" a party served when there has been no proof presented that the party was actually served. The Plaintiffs maintain that evidence was presented at a hearing before the court establishing that Adesa Corporation was in fact served with process and that the order was supported by such evidence. The Plaintiffs argue that because we were not provided with a transcript of that hearing, we must presume that sufficient evidence existed to support the trial court's finding pursuant to which Adesa Corporation was deemed served. The Plaintiffs do not describe exactly what evidence the court considered in ruling as it did, other than alleging that the Knox County court was presented with proof that Adesa Corporation had notification of the suit, and we acknowledge that the Plaintiffs filed affidavits in the Loudon County case in support of this allegation. But, as the Tennessee Supreme Court has stated, although "notice is an important consideration in the availability of the saving statute, it is not ... a substitute for service of process when the Rules of Civil Procedure so require." *Frye v. Blue Ridge Neuroscience Center, P.C.*, 70 S.W.3d 710, 715 (Tenn. 2002). Even had the court's order set forth other evidence it allegedly relied

upon in deeming Adesa Corporation served, it would still be necessary to resort to the process itself to determine the fact of service. When the process and return conclusively and clearly contradict recitals in a decree, the process, not the recitals, controls. *Davis v. Reaves,* 75 Tenn. 585 (Tenn.1881).

■■ Unless a defendant waives service of process, which in this case the Defendant did not do, then process must be served on the defendant who is within the state by either personal service or by mail. Tenn. R. Civ. P. 4.03. Tenn. R. Civ. P. 4.03(1) governs return of service and provides, inter alia, that "[t]he person serving the summons shall promptly make proof of service to the court and shall identify the person served and shall describe the manner of service." In *Estate of McFerren v. Infinity Transport, LLC,* 197 S.W.3d 743, 748 (Tenn.2006), the Tennessee Supreme Court found that the requirements of Rule 4.03 are mandatory, noting as follows:

> Rule 4.03 clearly and specifically requires that a return identify the person upon whom process was served and a description of the manner of service. It requires, in clear, plain words, that certain things be done. Just as clearly, those words either mean something, or they do not. We choose to believe they do, that they set forth a mandatory requirement rather than a discretionary ideal that need not be strictly enforced to confer jurisdiction over a party.

The record of the Knox County Circuit Court does not contain a return showing that Adesa Corporation was ever served with process. To the contrary, the officer's return of the summons certifies that Adesa Corporation was not served. Therefore, the Knox County Circuit Court never acquired jurisdiction over Adesa Corporation, and its order deeming ser-

vice of process was void ab initio. Since there was a lack of compliance with Rule 3 by failure to reissue process, the Plaintiffs cannot rely on the original timely commencement of their claim to toll the running of the statute of limitation. The saving statute does not come into play because by the time the Knox County nonsuit was entered, the Plaintiffs' claim had already expired, and there was nothing to "save."

The parties in this cause were very ably represented, and their respective positions were respectfully and fully presented. While it is always preferable for a case to be tried on its merits rather than dismissed for noncompliance with a rule of procedure, we are bound to enforce the rules of procedure as written and as developed by case law.

### IV. *Conclusion*

Based upon the foregoing, we conclude that the Plaintiffs failed to establish the existence of a genuine issue of material fact as to whether Adesa Corporation was served with process in the Knox County Circuit Court suit, and therefore, we hold that the Plaintiffs' suit arising out of the injury allegedly suffered by Mr. Sims on January 31, 2003, was time-barred one year after that date. Accordingly, we reverse the order of the Loudon County Circuit Court denying dismissal of such suit by summary judgment and dismiss the case. Costs of appeal are assessed to the appellees, Adam and Carla Sims.