IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
May 21, 2019 Session

## NINA VILLALBA ET AL. v. CIARA McCOWN

### Appeal from the Circuit Court for Hamilton County
No. 17C1151      Kyle E. Hedrick, Judge

_____

### No. E2018-01433-COA-R3-CV
_____

In this personal injury action arising from an automobile accident, the trial court granted summary judgment in favor of the defendant upon finding that the plaintiffs had failed to demonstrate service of process in the originally filed action, which had been dismissed, such that the plaintiffs' refiled action was barred by the applicable statute of limitations. The plaintiffs have appealed. Having determined that, pursuant to the version of Tennessee Rule of Civil Procedure 4.04(11) in effect at the time that the initial complaint was filed, the plaintiffs demonstrated valid service of process of the initial complaint, we reverse the grant of summary judgment to the defendant and grant partial summary judgment to the plaintiffs concerning the affirmative defenses of ineffective service of process and expiration of the statute of limitations. We remand this action for further proceedings consistent with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court
Reversed; Case Remanded.**

THOMAS R. FRIERSON, II, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and JOHN W. MCCLARTY, J., joined.

Mark N. Foster, Madisonville, Kentucky, for the appellants, Nina Villalba and Marcelo Villalba.

Robert J. Uhorchuk and David L. Barry, Chattanooga, Tennessee, for the appellee, Ciara McCown.

**OPINION**

## I. Factual and Procedural Background

This action arose from an automobile accident that occurred in Hamilton County, Tennessee, on October 17, 2014, involving the plaintiffs, Nina Villalba and Marcelo Villalba, and the defendant, Ciara McCown. No dispute concerning the accident itself is at issue on appeal. Instead, at issue is the sufficiency of service of process of a complaint in an earlier action ("First Complaint") that had been dismissed and the effect of that dismissed action on the applicable statute of limitations for the instant personal injury claim. *See* Tenn. Code Ann. 28-3-104(a)(1)(A) (Supp. 2018) (providing a one-year statute of limitations for "injuries to the person" such as that alleged in the instant action).

As the trial court noted in its final judgment, "[t]here is no question that return of service was not filed prior to the dismissal of the initial complaint." The court summarized the procedural history surrounding the First Complaint as follows:

> [The Villalbas] filed a complaint on October 14, 2015 and a summons was issued on the same date (Docket No. 15C1230). No Answer was filed. No return of service was made. [Ms. McCown] made no appearance in the litigation. No motion for default judgment was filed. In fact, nothing at all was filed on this case. Subsequently, the case came up on the procedural steps list on September 16, 2016, pursuant to Rule 7.05 of the Eleventh Judicial District Local Rules of Practice. This list contains inactive cases. Still, no action was taken in this matter by [the Villalbas] and no appearance entered by [Ms. McCown]. Consequently, and pursuant to Local Rule 7.05, an Order was entered on October 17, 2016 dismissing the case without prejudice. At the time of the dismissal, no return of service had been made and no evidence of service of process existed in the Court file.

The Villalbas commenced the instant action by filing a complaint in the trial court on October 17, 2017 ("Second Complaint"), one year after the First Complaint was dismissed. They alleged, *inter alia*, that Ms. McCown had been negligent in the operation of her motor vehicle and that Ms. Villalba had suffered injuries to her "shoulder, neck, back, and hand" as "a direct and proximate result" of Ms. McCown's negligence. The Villalbas requested damages for Ms. Villalba's "permanent impairment, loss of enjoyment of life, pain and suffering, lost wages, loss of earning capacity, and physical and mental anguish." They also claimed loss of consortium for Mr. Villalba. It is undisputed that, as the trial court noted, process for the Second Complaint was "issued, served and returned."

On December 11, 2017, Ms. McCown, represented by counsel, made a special appearance to contest service of process concerning the First Complaint. In a concomitantly filed motion for additional time to answer the Second Complaint, Ms. McCown referenced the need to review the procedural history of the previous action. In response, the Villalbas filed a "Motion to Bifurcate Trial and Proceedings," requesting that any affirmative defenses set forth by Ms. McCown be tried separately.

On January 12, 2018, Ms. McCown filed a motion to dismiss the Second Complaint, denying all substantive allegations and asserting, as pertinent to this appeal, the affirmative defenses of insufficient service of process and expiration of the statute of limitations. *See* Tenn. R. Civ. P. 8.03 (including "statute of limitations" among affirmative defenses); *Allgood v. Gateway Health Sys.*, 309 S.W.3d 918, 925 (Tenn. Ct. App. 2009) ("Insufficiency of service of process is an affirmative defense . . . ." (citing Tenn. R. Civ. P. 12.02(5)). Ms. McCown attached several exhibits to her motion to dismiss, including copies of the First Complaint and the October 2016 dismissal order from the trial court's "Procedural Steps List." Ms. McCown also attached a copy of a summons and return that had been filed by the Villalbas on October 19, 2016, two days after entry of the dismissal order. The return was signed by the Villalbas' counsel and stated that on October 19, 2015, counsel had served the summons and complaint upon Ms. McCown "by mailing a copy to Ciarra [sic] McCown by certified mail, which Ciarra McCown agreed to accept as service of process. The mail was returned 'unclaimed'; it is attached hereto as Exhibit A."[1] The record demonstrates that also attached to the return was a copy of the certified mail card, marked by the United States Postal Service ("USPS") as "Return to Sender Unclaimed" and dated November 11, 2015.

In addition, Ms. McCown attached to her motion to dismiss copies of a motion filed by the Villalbas to alter or amend the October 2016 dismissal order and the trial court's order striking the motion to alter or amend. In the motion to alter or amend, filed on November 16, 2016, the Villalbas had asserted as grounds that they "would show that this matter is not a dormant case" because Ms. McCown "was served with process, and a return has been filed with the Court." The trial court, with Judge L. Marie Williams presiding, had called the motion on its docket on November 28, 2016, and subsequently had entered an order striking the motion to amend on January 12, 2017, stating in pertinent part:

> The Court finds that [the Villalbas] failed to appear during the call of the docket and failed to prosecute the *Motion* or seek any relief from the

---

[1] Ms. McCown's given name appears often in the record spelled as "Ciarra" with an additional "r." According to Ms. McCown's deposition testimony, "Ciara" is the correct spelling. Ms. McCown has not raised an issue concerning any possible effect of this misspelling on service of process.

Court. Accordingly, due to [the Villalbas'] failure to appear and for good cause shown, the Court finds that [the Villalbas'] *Motion* should be struck from the record.

As to the procedural history of the Second Complaint, the Villalbas filed a response to Ms. McCown's motion to dismiss on January 19, 2018, and concomitantly filed a motion to strike Ms. McCown's "sixth defense," which had been based on insufficient service of process. The Villalbas asserted that Ms. McCown had waived this defense by failing to plead it in response to the First Complaint. Alternatively, the Villalbas requested that the trial court treat Ms. McCown's motion to dismiss as a motion for summary judgment and ultimately deny the motion upon the Villalbas' presentation of "genuine issues of material fact regarding whether [Ms. McCown] was served in the previous action."

The Villalbas attached to this response a declaration executed by their counsel on January 18, 2018, stating that in an attempt to serve process on Ms. McCown, he had left a note on the front door of her residence on October 14, 2015, and that Ms. McCown had telephoned him in response the following day. According to the Villalbas' counsel, Ms. McCown agreed during this telephone conversation to be served with process via United States mail at her residence. Counsel further stated that on "October 19, 2015, [he] mailed via certified mail copies of the summons and complaint to [Ms. McCown] at the address she requested [he] send them," along with a cover letter. According to counsel, this mailing was returned to him by the USPS with the notation that it was "unclaimed." Ms. McCown filed a response in which she insisted that she had not waived the affirmative defense of insufficient service of process because the timeliness of the Second Complaint was dependent upon effective service of process of the First Complaint.

On February 8, 2018, the trial court entered an "Order on Motions," *inter alia*, converting Ms. McCown's motion to dismiss to a motion for summary judgment. The court also continued the Villalbas' motion to bifurcate and motion to strike the affirmative defense to be heard with Ms. McCown's motion for summary judgment.[2]

Ms. McCown filed a motion for summary judgment on March 6, 2018, together with supporting materials, asserting in her motion that summary judgment should be granted in her favor "based on the failure of the [Villalbas] to secure effective service on [Ms. McCown] pertaining to their First Complaint . . . ." Ms. McCown further asserted

---

[2] The Villalbas' insurance provider, Volunteer State Health Plan, Inc. for TennCare ("Volunteer State"), filed a motion to intervene to protect its subrogation interest on February 15, 2018. Ms. McCown filed a response objecting to the motion to intervene, and Volunteer State subsequently filed a reply, reasserting its purported right to intervene. The trial court did not mention the motion to intervene in its final judgment, and Volunteer State is not a party to this appeal.

that ineffective service of the First Complaint barred application of Tennessee's general savings statute, codified at Tennessee Code Annotated § 28-1-105 (2017) ("the savings statute"). Included in the supporting materials were "declarations" executed by Ms. McCown and her mother. In her declaration, Ms. McCown acknowledged that she had spoken to the Villalbas' counsel on October 15, 2015, via telephone, although she stated that the Villalbas' counsel had initiated the call. Ms. McCown further stated in relevant part:

> During the October 15, 2015 phone conversation Mark N. Foster identified himself as counsel for the [Villalbas] and asked me questions about the motor vehicle accident between myself and the [Villalbas].
>
> To the best of my knowledge and belief, during the October 15, 2015 phone conversation, there was no discussion about service of process upon me via U.S. mail.
>
> To the best of my knowledge and belief, I did not agree or request service of process by U.S. mail.
>
> To the best of my knowledge and belief, during the October 15, 2015 phone conversation, I did not provide an address for service of process by U.S. mail.

(Paragraph numbering omitted.) Ms. McCown's mother stated in her declaration that she had overheard the October 15, 2015 telephone conversation between her daughter and the Villalbas' counsel and had not heard any discussion of service of process via United States mail.

On May 29, 2018, the Villalbas filed a "Motion for Summary Judgment on Defendant's Affirmative Statute of Limitations Defense," also requesting summary judgment as to the affirmative defense of insufficiency of process. In their motion, the Villalbas asserted as grounds:

> [T]he material facts are not in genuine dispute and entitled [the Villalbas] to summary judgment as a matter of law because [Ms. McCown] was validly served in a prior action, which was commenced within one year of the collision that is the subject of this action, and this action is brought within one year of the order dismissing [the Villalbas'] claims without prejudice in the prior action.

The parties filed additional pleadings, including competing versions of statements of material facts and responses to each other's motions for summary judgment.

Among the materials filed in support of the Villalbas' summary judgment motion was an excerpt from deposition testimony that had been proffered by Ms. McCown at the Villalbas' request. In support of her response opposing the Villalbas' summary judgment motion, Ms. McCown filed her entire deposition and her own supplemental declaration. In her deposition, Ms. McCown testified that she had resided at and received mail at the address used by the Villalbas' counsel on the original summons for the First Complaint, 710 County Road 316 in Niota, until October 2016, when she relocated to Sweetwater. Ms. McCown further testified that she had not received any notice of certified mail sent by the Villalbas' counsel in October 2015.

Following a hearing conducted on June 25, 2018, the trial court entered an order on July 10, 2018, granting summary judgment in favor of Ms. McCown, denying the Villalbas' motion for partial summary judgment, and dismissing the Second Complaint. The court found that the Villalbas had failed to prove sufficient service of process of the First Complaint and that the Second Complaint was therefore barred by the statute of limitations. The Villalbas timely appealed.

## II. Issues Presented

The Villalbas present two issues on appeal, which we have restated slightly as follows:

1.  Whether the trial court erred by granting Ms. McCown's motion for summary judgment.

2.  Whether the trial court erred by denying the Villalbas' motion for partial summary judgment.

## III. Standard of Review

The grant or denial of a motion for summary judgment is a matter of law; therefore, our standard of review is *de novo* with no presumption of correctness. *See Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015); *Dick Broad. Co. of Tenn. v. Oak Ridge FM, Inc.*, 395 S.W.3d 653, 671 (Tenn. 2013) (citing *Kinsler v. Berkline, LLC*, 320 S.W.3d 796, 799 (Tenn. 2010)). As such, this Court must "make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied." *Rye*, 477 S.W.3d at 250. As

our Supreme Court has explained concerning the requirements for a movant to prevail on a motion for summary judgment pursuant to Tennessee Rule of Civil Procedure 56:

> [W]hen the moving party does not bear the burden of proof at trial, the moving party may satisfy its burden of production either (1) by affirmatively negating an essential element of the nonmoving party's claim or (2) by demonstrating that the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the nonmoving party's claim or defense. We reiterate that a moving party seeking summary judgment by attacking the nonmoving party's evidence must do more than make a conclusory assertion that summary judgment is appropriate on this basis. Rather, Tennessee Rule 56.03 requires the moving party to support its motion with "a separate concise statement of material facts as to which the moving party contends there is no genuine issue for trial." Tenn. R. Civ. P. 56.03. "Each fact is to be set forth in a separate, numbered paragraph and supported by a specific citation to the record." *Id.* When such a motion is made, any party opposing summary judgment must file a response to each fact set forth by the movant in the manner provided in Tennessee Rule 56.03. "[W]hen a motion for summary judgment is made [and] . . . supported as provided in [Tennessee Rule 56]," to survive summary judgment, the nonmoving party "may not rest upon the mere allegations or denials of [its] pleading," but must respond, and by affidavits or one of the other means provided in Tennessee Rule 56, "set forth specific facts" *at the summary judgment stage* "showing that there is a genuine issue for trial." Tenn. R. Civ. P. 56.06. The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.,* 475 U.S. [574,] 586, 106 S.Ct. 1348 [89 L.Ed.2d 538 (1986)]. The nonmoving party must demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in favor of the nonmoving party. If a summary judgment motion is filed before adequate time for discovery has been provided, the nonmoving party may seek a continuance to engage in additional discovery as provided in Tennessee Rule 56.07. However, after adequate time for discovery has been provided, summary judgment should be granted if the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the existence of a genuine issue of material fact for trial. Tenn. R. Civ. P. 56.04, 56.06. The focus is on the evidence the nonmoving party comes forward with at the summary judgment stage, not on hypothetical evidence that theoretically could be adduced, despite the passage of discovery deadlines, at a future trial.

*Rye*, 477 S.W.3d at 264-65. "Whether the nonmoving party is a plaintiff or a defendant—and whether or not the nonmoving party bears the burden of proof at trial on the challenged claim or defense—at the summary judgment stage, '[t]he nonmoving party must demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in favor of the nonmoving party.'" *TWB Architects, Inc. v. The Braxton, LLC*, ___ S.W.3d ___, ___, No. M2017-00423-SC-R11-CV, 2019 WL 3491467, at *8 (Tenn. July 22, 2019) (quoting *Rye*, 477 S.W.3d at 265)). Pursuant to Tennessee Rule of Civil Procedure 56.04, the trial court must "state the legal grounds upon which the court denies or grants the motion" for summary judgment, and our Supreme Court has instructed that the trial court must state these grounds "before it invites or requests the prevailing party to draft a proposed order." *See Smith v. UHS of Lakeside, Inc.*, 439 S.W.3d 303, 316 (Tenn. 2014).

Questions of construction involving the Tennessee Rules of Civil Procedure, like those of statutory construction, are reviewed *de novo* with no presumption of correctness. *See In re Estate of Tanner*, 295 S.W.3d 610, 613 (Tenn. 2009); *Green v. Moore*, 101 S.W.3d 415, 418 (Tenn. 2003). Our Supreme Court has summarized the principles involved in statutory construction as follows:

> When dealing with statutory interpretation, well-defined precepts apply. Our primary objective is to carry out legislative intent without broadening or restricting the statute beyond its intended scope. *Houghton v. Aramark Educ. Res., Inc.*, 90 S.W.3d 676, 678 (Tenn. 2002). In construing legislative enactments, we presume that every word in a statute has meaning and purpose and should be given full effect if the obvious intention of the General Assembly is not violated by so doing. *In re C.K.G.*, 173 S.W.3d 714, 722 (Tenn. 2005). When a statute is clear, we apply the plain meaning without complicating the task. *Eastman Chem. Co. v. Johnson*, 151 S.W.3d 503, 507 (Tenn. 2004). Our obligation is simply to enforce the written language. *Abels ex rel. Hunt v. Genie Indus., Inc.*, 202 S.W.3d 99, 102 (Tenn. 2006). It is only when a statute is ambiguous that we may reference the broader statutory scheme, the history of the legislation, or other sources. *Parks v. Tenn. Mun. League Risk Mgmt. Pool*, 974 S.W.2d 677, 679 (Tenn. 1998). Further, the language of a statute cannot be considered in a vacuum, but "should be construed, if practicable, so that its component parts are consistent and reasonable." *Marsh v. Henderson*, 221 Tenn. 42, 424 S.W.2d 193, 196 (1968). Any interpretation of the statute that "would render one section of the act repugnant to another" should be avoided. *Tenn. Elec. Power Co. v. City of Chattanooga*, 172 Tenn. 505, 114 S.W.2d 441, 444 (1937). We also must presume that the General Assembly was aware of any prior enactments at

the time the legislation passed. *Owens v. State*, 908 S.W.2d 923, 926 (Tenn. 1995).

*In re Estate of Tanner*, 295 S.W.3d at 613-14.

### IV. Service of Process and Applicability of Savings Statute

The Villalbas contend that the trial court erred in granting Ms. McCown's summary judgment motion and dismissing the Second Complaint as untimely, arguing that they demonstrated, with no genuine issue of material fact remaining, that service of process of the First Complaint was effective and that the Second Complaint was therefore timely filed under the savings statute. For the same reasons, the Villalbas assert that the trial court erred by declining to grant their motion for partial summary judgment as to the affirmative defenses of insufficient service of process and expiration of the statute of limitations. Ms. McCown contends that the trial court properly granted her summary judgment motion upon finding no proof of service of the First Complaint. She also asserts that she did not agree to service of process by mail. Upon thorough review of the record and applicable authorities, we conclude that the Villalbas demonstrated valid service of process of the First Complaint pursuant to the version of Tennessee Rule of Civil Procedure 4.04(11) in effect at the time that process was issued and service attempted. We further conclude that, as a matter of law, the Second Complaint was timely filed by operation of the savings statute.

Generally, personal injury actions must be commenced within one year following the accrual of a cause of action. *See* Tenn. Code Ann. § 28-3-104(a)(1)(A). The statute of limitations may be tolled, however, pursuant to the savings statute, which provides in pertinent part:

> If the action is commenced within the time limited by a rule or statute of limitation, but the judgment or decree is rendered against the plaintiff upon any ground not concluding the plaintiff's right of action, or where the judgment or decree is rendered in favor of the plaintiff, and is arrested, or reversed on appeal, the plaintiff, or the plaintiff's representatives and privies, as the case may be, may, from time to time, commence a new action within one (1) year after the reversal or arrest.

Tenn. Code Ann. § 28-1-105(a). In a situation in which the trial court has entered an order of dismissal on a ground not concluding the plaintiff's right of action, the one-year statute of limitations for commencing a new action under the savings statute is computed from the date of entry of the dismissal order. *See Parrish v. Marquis*, 137 S.W.3d 621, 622 (Tenn. 2004) ("We hold that the statute of limitations commenced on the date of the

trial court's order of dismissal [without prejudice for improper venue] and that the plaintiffs' re-filing of their action was therefore timely under the savings statute.").

At the outset, we review whether process of the First Complaint was successfully served on Ms. McCown in accordance with Rules 3 and 4. Regarding the commencement of an action, Tennessee Rule of Civil Procedure 3 provides:

> All civil actions are commenced by filing a complaint with the clerk of the court. An action is commenced within the meaning of any statute of limitations upon such filing of a complaint, whether process be issued or not issued and whether process be returned served or unserved. If process remains unissued for 90 days or is not served within 90 days from issuance, regardless of the reason, the plaintiff cannot rely upon the original commencement to toll the running of a statute of limitations unless the plaintiff continues the action by obtaining issuance of new process within one year from issuance of the previous process or, if no process is issued, within one year of the filing of the complaint.

*See Fair v. Cochran*, 418 S.W.3d 542, 545 (Tenn. 2013) ("Where process has issued, Rule 3 unambiguously instructs that the effectiveness of the original commencement to toll the running of a statute of limitations depends initially upon whether process is served within ninety days of issuance.").

Tennessee Rule of Civil Procedure 4.04 sets forth the manner in which service of process may be accomplished on various individuals and entities. Regarding the process for effecting service of process via United States mail, Rule 4.04(10) provides in pertinent part:

> Service by mail of a summons and complaint upon a defendant may be made by the plaintiff, the plaintiff's attorney or by any person authorized by statute. After the complaint is filed, the clerk shall, upon request, furnish the original summons, a certified copy thereof and a copy of the filed complaint to the plaintiff, the plaintiff's attorney or other authorized person for service by mail. Such person shall send, postage prepaid, a certified copy of the summons and a copy of the complaint by registered return receipt or certified return receipt mail to the defendant. . . . The original summons shall be used for return of service of process pursuant to Rule 4.03(2). Service by mail shall not be the basis for the entry of a judgment by default unless the record contains a return receipt showing personal acceptance by the defendant or by persons designated by Rule

-10-

4.04 or statute. If service by mail is unsuccessful, it may be tried again or other methods authorized by these rules or by statute may be used.

Concerning proof of service of process by mail, Tennessee Rule of Civil Procedure 4.03(2) provides:

> When process is served by mail, the original summons, endorsed as below; an affidavit of the person making service setting forth the person's compliance with the requirements of this rule; and, the return receipt shall be sent to and filed by the clerk. The person making service shall endorse over his or her signature on the original summons the date of mailing a certified copy of the summons and a copy of the complaint to the defendant and the date of receipt of return receipt from the defendant. If the return receipt is signed by the defendant, or by person designated by Rule 4.04 or by statute, service on the defendant shall be complete. If not, service by mail may be attempted again or other methods authorized by these rules or by statute may be used.

This Court has explained that for a defendant to be effectively served process by mail,

> the plaintiff, the plaintiff's attorney or other authorized person for service by mail, must send to the defendant, postage prepaid, a certified copy of the summons and a copy of the complaint by registered return receipt or certified return receipt mail. To be effective, service by mail requires filing with the court clerk the following three items: a) the original summons, endorsed as set forth in the rule; b) an affidavit of the person making service, setting forth the person's compliance with the requirement of Rule 4.03; and c) the return receipt.

*Stitts v. McGown*, No. E2005-02496-COA-R3-CV, 2006 WL 1152649, at *2 (Tenn. Ct. App. May 2, 2006) (citing Tenn. R. Civ. P. 4.03, 4.04). A plaintiff may not rely on a defendant's actual knowledge of a lawsuit in lieu of service of process. *See Hall v. Haynes*, 319 S.W.3d 564, 572 (Tenn. 2010) (stating that the language of Rule 4.03 is mandatory in nature and must be strictly enforced).

In the case at bar, the record indicates that process was issued for the First Complaint on October 14, 2015. Thereafter, the Villalbas' counsel mailed a copy of the summons and First Complaint to Ms. McCown via certified mail at the Niota address where Ms. McCown subsequently acknowledged she had been residing at the time. Based on the return of service eventually filed by the Villalbas, the USPS returned the

certified mailing to the Villalbas with a stamp, dated November 11, 2015, which read, "Return to Sender Unclaimed." Reserving consideration for a moment of the Villalbas' delay in filing this return of service with the trial court, we next address whether such USPS verification that the certified mailing was unclaimed could operate as proof of service of the First Complaint.

The version of Rule 4.04(11) in effect when service of process of the First Complaint was issued and attempted provided:

> When service of a summons, process, or notice is provided for or permitted by registered or certified mail under the laws of Tennessee and the addressee or the addressee's agent refuses to accept delivery and it is so stated in the return receipt of the United States Postal Service, the written return receipt if returned and filed in the action shall be deemed an actual and valid service of the summons, process, or notice. Service by mail is complete upon mailing. <u>For purposes of this paragraph, the United States Postal Service notation that a properly addressed registered or certified letter is "unclaimed," or other similar notation, is sufficient evidence of the defendant's refusal to accept delivery.</u>

(Emphasis added.)

The final sentence in this version of Rule 4.04(11), underlined above, was subsequently deleted by an amendment to Rule 4.04, effective July 1, 2016. The 2016 Advisory Commission Comment states that the sentence was deleted "because the Postal Service's notation that a registered or certified letter is 'unclaimed' is not sufficient, by itself, to prove that service was 'refused.'" Nonetheless, we must apply the version of the rule that was in effect at the time that the First Complaint was filed and service of process was attempted. *See, e.g.*, *Regions Bank v. Sandford*, No. M2015-02215-COA-R3-CV, 2016 WL 6778188, at *3 n.1 (Tenn. Ct. App., Nov. 16, 2016) (noting the 2016 amendment to Rule 4.04(11) but stating that "we apply Rule 4.04 as it was written at the time of the events at issue."); *Denney v. Lovett*, No. M2004-03020-COA-R3-CV, 2006 WL 1915303, at *7 (Tenn. Ct. App. July 11, 2006) ("Since the amendment [to a rule of civil procedure] did not become effective until July 1, 2006, it is inapplicable to the issues at hand."). We determine that because the return of service that had been sent to Ms. McCown was returned by the USPS as unclaimed and because Ms. McCown acknowledged that the address to which the summons was sent was her correct address at the time, the return of service filed by the Villalbas is sufficient evidence, under the applicable version of Rule 4.04(11), of actual and valid service of process of the First Complaint.

-12-

The question remains as to whether the Villalbas' delayed filing of the return of service affected the validity of service of process of the First Complaint. It is undisputed that the Villalbas did not file the return of service concerning the First Complaint until after the trial court had dismissed the First Complaint without prejudice in October 2016. As noted by the trial court in its final order granting summary judgment to Ms. McCown, the Villalbas in November 2016 "filed a motion to restore the [First Complaint] to the docket but failed to appear for the motion—and it was subsequently stricken."

In its order granting summary judgment to Ms. McCown, the trial court found regarding service of the First Complaint in relevant part:

> Even assuming that the original summons was properly served in the initial action (and this Court does not), there was no proof of service in the first suit. That is to say, the original action was dismissed with no evidence of service of process.

The trial court essentially found that the delay in the Villalbas' filing of the return of service until after the First Complaint had been dismissed barred application of the savings statute to toll the statute of limitations. We conclude, however, that under the factual circumstances of this case, the delay in filing the return of service did not bar application of the savings statute.

In support of their position, the Villalbas rely on our Supreme Court's decision in *Fair v. Cochran*, 418 S.W.3d 542, 545 (Tenn. 2013). In *Fair*, the Supreme Court determined that a party returning proof of service 412 days after issuance of a summons could rely on the original commencement of the action to toll the statute of limitations. *Id.* at 546. As the *Fair* Court explained:

> When a dispute arises as to whether service of process has been accomplished, a trial court may properly consider any delay in filing the return when weighing the evidence and resolving the dispute. However, no language in Rule 4.03(a) states or implies that the failure to return proof of service promptly renders commencement ineffective to toll the statute of limitations. So long as service of process is accomplished within ninety days of issuance of a summons, or new process is issued within one year of issuance of the previous process, a plaintiff may rely upon the original commencement to toll the statute of limitations. Tenn. R. Civ. P. 3.

*Fair*, 418 S.W.3d at 546 (footnote omitted). In examining the language of Rule 4.03, our Supreme Court also noted that "Rule 4.03(1) does not state that promptly returning proof of service to the court is necessary to accomplish service." *Id.* Because the trial court in

*Fair* had dismissed the lawsuit without making a finding concerning whether service of process had been accomplished, the High Court reversed the intermediate court's affirmance of the dismissal and remanded for the trial court to determine whether process had been served within ninety days of issuance. *Id.* at 547.[3]

In this case, to effect return of service, the Villalbas needed to file with the clerk of court (1) the summons, (2) a return receipt evidencing service, and (3) an affidavit from their attorney attesting to the effective service. *See* Tenn. R. Civ. P. 4.03, 4.04; *Stitts,* 2006 WL 1152649, at *2. The Villalbas caused process to be issued on October 14, 2015. They partially filed documents necessary to prove return of service on October 19, 2016. Included therein were the return receipt with the "unclaimed" notation and the original summons. A declaration from the Villalbas' counsel attesting to the attempted service of process by mail was subsequently filed on January 18, 2018, as purported fulfillment of the Rule 4.04 affidavit requirement. The 370-day period between the October 14, 2015 issuance of service and the October 19, 2016 return of service was somewhat less that the 412-day window in *Fair*, *see* 418 S.W.3d at 546-47, although in this case the Villalbas' counsel's affidavit completing the requirements for return of service was not filed for yet another year and three months. Nonetheless, we determine that under the requirements of Rules 4.03 and 4.04, together with the holding in *Fair*, the Villalbas' delay in filing the return of service did not affect the tolling of the statute of limitations.

Ms. McCown argues that the Villalbas' counsel's January 18, 2018 declaration failed to satisfy the Rule 4.03 affidavit requirement because it was not notarized. We disagree. Tennessee Rule of Civil Procedure 72 provides:

> Wherever these rules require or permit an affidavit or sworn declaration, an unsworn declaration made under penalty of perjury may be filed in lieu of an affidavit or sworn declaration. Such declaration must be signed and dated by the declarant and must state in substantially the following form: "I declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct."

---

[3] As the trial court noted in its final order, Rule 4.03 was amended, effective July 1, 2016, to add subsection (3), which now provides: "Failure to promptly file proof of service does not affect the validity of service." The 2016 Advisory Commission Comment accompanying this amendment stated that subsection (3), "which is derived from Federal Rule of Civil Procedure 4(1)(3), essentially adopts in the rule the Supreme Court's analysis in *Fair* . . . ." As noted above, we apply the version of the rule in effect at the time that the events at issue occurred. However, in this instance, the amendment to Rule 4.03 mirrors what was already controlling precedent in *Fair*.

*See Cash Am. Int'l, Inc. v. Geico Gen. Ins. Co.*, No. M2015-01946-COA-R3-CV, 2016 WL 3476845, at \*1 n.2 (Tenn. Ct. App. June 17, 2016) (explaining that Rule 72 "permits an unsworn declaration in lieu of a sworn declaration so long as the declarant signs and dates the form and indicates that information is true and given under penalty of perjury."). The Villalbas' counsel's unsworn declaration was signed, dated, and included statements that the information was "true of his own personal knowledge" and was made "under penalty of perjury."

Ms. McCown also argues that the span of time between the Villalbas' filing of the return of service in October 2016 and the filing of their counsel's declaration in January 2018 was unreasonable, particularly in light of the previous delay in filing the return of service, and that the delays were not in accordance with the requirements of Rule 4.03. In support of her argument, Ms. McCown relies on this Court's decision in *Faulks v. Crowder*, 99 S.W.3d 116, 123 (Tenn. Ct. App. 2002), in which this Court concluded that the plaintiffs' "failure to file a Rule 4.03(2) affidavit rendered the service of process ineffective, unless this defect was cured when the affidavit eventually was filed over one year and nine months later." Determining that the delay in filing the affidavit was unreasonable under the facts involved in *Faulks*, including that "three of the four defendants had been nonsuited from the original lawsuit" by the time the affidavit was filed, this Court held that "the requirements of Rule 4.03(2) must be met within a reasonable time in order for process to be effective." *Id.*

Although the time span between filing the service of process and the Villalbas' counsel's declaration was approximately one year and three months, somewhat less than the time span of one year and nine months in *Faulks*, more importantly, we note that *Faulks* was decided well before our Supreme Court's holding in *Fair*. As the *Faulks* Court observed, "Rule 4.03(2) does not set forth a specific time in which the affidavit must be filed . . . ." *Faulks*, 99 S.W.3d at 123. Having reviewed the requirements of Rule 4.03 together with those of Rule 72, as well as the applicable case law, we determine that the Villalbas' counsel's unsworn declaration fulfilled the requirement of an affidavit accompanying the filing of a return of service of process.

We conclude that the Villalbas' delay in filing proof of service of process of the First Complaint did not render commencement of the Second Complaint ineffective for purposes of tolling the one-year statute of limitations under the savings statute. *See Fair*, 418 S.W.3d at 546-47.[4] The Villalbas then timely filed the Second Complaint on October

---

[4] Concerning such a delay, we emphasize the following as stated by our Supreme Court in *Fair*:

> By no means should our interpretation of Rules 3 and 4.03(1) be viewed as an endorsement of delaying the return of proof of service of process. As this appeal illustrates, such delay may generate needless collateral litigation, and we are unable to

-15-

17, 2017, the last day of the one-year statute of limitations period provided by the savings statute. *See* Tenn. R. Civ. P. 6.01 ("In computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute, the date of the act, event or default after which the designated period of time begins to run is not to be included."); *see, e.g.*, *Evans v. Perkey*, 647 S.W.2d 636, 639-40 (Tenn. Ct. App. 1982) (citing Tenn. R. Civ. P. 6.01).

In its final order dismissing this action, the trial court noted the Villalbas' reliance on *Fair*, 418 S.W.3d 542, but found *Fair* to be distinguishable because *Fair* did not involve application of the savings statute. Under the facts of this case, we find the distinction noted by the trial court to be one without a legal difference. As relevant here, the savings statute may be employed "[i]f the action is commenced within the time limited by a rule or statute of limitation, but the judgment or decree is rendered against the plaintiff upon any ground not concluding the plaintiff's right of action . . . ." *See* Tenn. Code Ann. § 28-1-105(a). The Villalbas commenced the First Complaint within the statute of limitations applicable to their personal injury claim. *See* Tenn. Code Ann. 28-3-104(a)(1)(A). The dismissal of the First Complaint was then entered without prejudice and not upon any ground concluding the Villalbas' right of action. Therefore, the one-year statute of limitations under the savings statute commenced upon entry of the dismissal order on October 17, 2016. *See* Tenn. Code Ann. § 28-1-105(a); *Parrish*, 137 S.W.3d at 622.

The trial court in its final order also referenced this Court's decision in *Sims v. Adesa Corp.*, 294 S.W.3d 581 (Tenn. Ct. App. 2008) as "provid[ing] some guidance." In *Sims*, a personal injury action involving an automobile accident, the plaintiffs filed suit in December 2003 and caused three successive alias summonses to be issued against the defendant corporation. *Id.* at 583. In February 2004, the third alias summons "was returned with a certification that service had failed and that [the registered agent] could not identify [the corporation] and could find no listing for such entity with the Tennessee Secretary of State." *Id.* Following the passage of one year since the last summons had been issued, the trial court entered an order in December 2005 "deeming the defendant served." *Id.* The plaintiffs subsequently nonsuited the initial complaint and then refiled the action pursuant to the savings statute. *Id.* The defendant made no appearance until the Second Complaint had been filed in a different Tennessee trial court, at which time the defendant responded by filing a motion for summary judgment based on the statute of limitations, which the second trial court denied. *Id.* On interlocutory appeal, this Court held that the first trial court "was not authorized to deem the defendant served in the

---

conceive of any strategic advantage to be gained from delaying the return of proof of service of process.

*Fair*, 418 S.W.3d at 546 n.5.

absence of actual service, the saving statute was inapplicable, and summary judgment should have been granted to the defendant." *Id.* at 582.

Relying in part on *Sims*, the trial court in this case found:

In analyzing the effect of the trial court "deeming" appropriate service, the Sims court stated "Even had the court's order set forth other evidence it allegedly relied upon in deeming Adesa Corporation served, it would still be necessary to resort to the process itself to determine the fact of service. When the process and return conclusively and clearly contradict the decree, the process, not the recitals, control[s]." Sims [294 S.W.3d at 587-88]. In the instant case, there is no record of the process in the underlying action that was dismissed. While [the Villalbas] had multiple actions after the dismissal of the first filed action, it is the opinion of this Court that service had to be demonstrated in the original action by the "process and return." Here, there is no return of service, no Answer of [Ms. McCown] and, in fact, no appearance by [Ms. McCown] before the case was dismissed.

The trial court was correct in stating that "service had to be demonstrated in the original action by the 'process and return.'" However, we determine that the trial court erred by declining to find that, pursuant to the applicable version of Rule 4.04(11), the Villalbas did demonstrate service through process and return of the properly addressed summons that had been marked by the USPS as unclaimed. The trial court's and Ms. McCown's reliance on *Sims* is unavailing. We conclude that the trial court erred in granting summary judgment to Ms. McCown and declining to grant partial summary judgment to the Villalbas on Ms. McCown's affirmative defenses of ineffective service of process and the expiration of the statute of limitations.

V.  Conclusion

For the foregoing reasons, we reverse the trial court's grant of summary judgment in favor of Ms. McCown and reverse the denial of partial summary judgment to the Villalbas. We grant partial summary judgment to the Villalbas regarding solely Ms. McCown's affirmative defenses of ineffective service of process and the expiration of the statute of limitations. This case is remanded to the trial court for further proceedings consistent with this opinion and collection of costs below. Costs on appeal are taxed to the appellee, Ciara McCown.

_____
THOMAS R. FRIERSON, II, JUDGE