FILED
04/27/2017
Clerk of the
Appellate Courts

# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
March 7, 2017 Session

## ROBERT L. McCULLOUGH, JR. ET AL. V. CARLA VAUGHN ET AL.

**Appeal from the Circuit Court for Davidson County**
**No. 14C1784      Kelvin D. Jones, Judge**

_____

### No. M2016-01458-COA-R3-CV

_____

This action arises out of a two-car accident. Prior to the commencement of this action, the driver of the vehicle who is the defendant in this action filed a petition in bankruptcy court. Shortly thereafter, and being unaware of the bankruptcy proceeding, Plaintiffs commenced this action naming the driver of the other vehicle as the only named defendant. Summons was issued for the defendant driver as well as Plaintiffs' uninsured motorist insurance carrier. Summons was served on the carrier; however, summons for Defendant was returned unserved, and more than a year passed before Plaintiffs requested issuance of an alias summons. Upon motions of the defendant and the uninsured motorist carrier, the trial court dismissed all claims as time barred upon the finding that Plaintiffs failed to comply with Tenn. R. Civ. P. 3 by obtaining the issuance of a new summons for service of process on the defendant within one year of the issuance of the previous summons that was not served. Plaintiffs appeal contending their claims are not time barred because the defendant filed her bankruptcy petition prior to the commencement of this action and Tenn. Code Ann. § 28-1-109 expressly states, "When the commencement of an action is stayed by injunction, the time of the continuance of the injunction is not to be counted." We agree. The bankruptcy court's automatic stay not only enjoined the commencement of this action but the issuance of process, and Tenn. Code Ann. § 28-1-109 expressly states that the time of the continuance of an injunction is not to be counted in calculating the statute of limitations. The bankruptcy injunction remained in effect for 202 days; therefore, that period is not to be counted. With the addition of 202 days to the period within which Plaintiffs could obtain the issuance of an alias summons under Tenn. R. Civ. P. 3, the issuance of the alias summons was timely. As a consequence, the trial court's order dismissing this case is vacated, and this matter is remanded with instructions to reinstate the complaint as to the defendant driver and the uninsured motorist carrier for further proceedings consistent with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Vacated and Remanded**

FRANK G. CLEMENT, JR., P.J., M.S., delivered the opinion of the Court, in which RICHARD H. DINKINS and ARNOLD B. GOLDIN, JJ., joined.

Brian Dunigan, Goodlettsville, Tennessee, for the appellants, Robert L. McCullough, Jr. and Helen McCullough.

Jaimee S. Johnson, Hendersonville, Tennessee, for the appellee, Carla Vaughn.

Glenda A. Hawkins and Matthew T. Moffitt, Nashville, Tennessee, for the appellee, Allmerica Financial Alliance Insurance Company.

## OPINION

This case arises out of an automobile accident that occurred on February 5, 2014, involving Robert and Helen McCullough ("Plaintiffs") and Carla Vaughn ("Defendant"). On May 1, 2014, Plaintiffs filed a complaint against Defendant alleging that the accident was the result of the negligent operation of Defendant's vehicle.

In addition to filing a summons to be served on Defendant, Plaintiffs also filed a summons to be served on Allmerica Financial Alliance Insurance Company ("Allmerica"), Plaintiffs' uninsured/underinsured motorist insurance carrier, to give Allmerica notice that Plaintiffs intended to rely on their insurance coverage in the event Defendant was uninsured or underinsured.[1] Allmerica was served and timely filed an answer.

The Sheriff of Robertson County attempted to serve the summons and complaint on Defendant at the address stated on the summons; however, Defendant had moved and the summons was returned to the clerk on May 19, 2014, with the following notation: "[u]nable to serve in Robertson County, new address: 131 Fern Avenue, Nashville." Over a year later, on June 1, 2015, Plaintiff filed an alias summons with the clerk directing service at the Nashville address; however, it was returned unserved. Plaintiff filed a pluries summons on August 28, 2015, requesting service at the same Nashville address, and Defendant was served on September 21, 2015.

---

[1] The Tennessee Uninsured Motorist Act requires "[e]very automobile liability policy delivered, issued for delivery or renewed in this state . . . [to] include uninsured motorist coverage" unless the coverage is rejected by the insured. Tenn. Code Ann. § 56-7-1201(a). Should an individual intend to rely on his or her uninsured motorist insurance policy following an automobile accident, the individual must serve upon his or her uninsured motorist insurance company a copy of the process that had previously been served upon an uninsured motorist. *See* Tenn. Code Ann. § 56-7-1206(a). This service allows the insurance company to defend against the claim, in the name of the owner of the uninsured vehicle, or in its own name if it wishes. *Id.*

Prior to Defendant being served, Plaintiffs' counsel, Marshall McClarnon, and a claims representative for Defendant's liability insurance carrier, Direct Insurance, engaged in settlement discussions.[2] On June 4, 2014, Direct Insurance informed Mr. McClarnon that it was willing to pay policy limits of $25,000 and that its claims file was being transferred to attorney Jaimee Johnson to prepare the settlement documents and the necessary court orders. Soon thereafter, Ms. Johnson notified Mr. McClarnon that, on February 27, 2014, Defendant had filed a Chapter 13 bankruptcy petition and the automatic stay was still in effect; therefore, Direct Insurance could not proceed with the proposed settlement.[3] Upon learning of the pending bankruptcy, Plaintiffs filed a motion in the bankruptcy court seeking relief from the automatic stay. The motion was granted on September 17, 2014.

Two weeks earlier, on September 2, 2014, Ms. Johnson informed Mr. McClarnon that Direct Insurance was still willing to tender policy limits on behalf of Defendant; however, it would require a waiver of Allmerica's subrogation interest prior to remitting its payment.[4] Acting on behalf of Direct Insurance, Ms. Johnson attempted to obtain the waiver from Allmerica but she was unsuccessful.

On November 5, 2015, Allmerica filed a motion to dismiss the claims against it based on the statute of limitations because Plaintiffs failed to comply with Tenn. R. Civ. P. 3 by filing an alias summons within the required time. On November 13, 2015, Defendant also filed a motion to dismiss based on the statute of limitations.

Plaintiffs filed a response to both motions to dismiss, contending that they relied on their agreement with Direct Insurance to their detriment in deciding to not immediately reissue service of process on Defendant after the failed service in May 2014. They additionally contended that Allmerica was aware of Plaintiffs' agreement with Direct Insurance; therefore, Allmerica's motion to dismiss should be denied. Further, they contended that Allmerica waived the statute of limitations as a defense by failing to plead it as an affirmative defense in their answer as required by Tenn. R. Civ. P. 8.03.

Plaintiffs filed a separate motion asking the court to enforce their settlement agreement with Direct Insurance to pay them $25,000 on behalf of Defendant. In support

---

[2] No attorney had made an appearance on behalf of Defendant because she had not been served.

[3] Prior to this notification, Plaintiffs and their counsel were unaware that Defendant had filed a petition for bankruptcy protection.

[4] Tenn. Code Ann. § 56-7-1204 establishes the uninsured motorist insurance carrier's right of subrogation. "This statutory provision provides that the insurer who makes a payment under the uninsured motorist coverage 'steps into the shoes' of the person receiving the payment and may recover against any person who occasioned the payment by the insurer." *Sherer v. Linginfelter*, 29 S.W.3d 451, 454 (Tenn. 2000).

of this motion, Mr. McClarnon filed an affidavit in which he stated, *inter alia*, that he and Ms. Johnson had "discussed that the Defendant did not intend to rely on a statute of limitations defense because [they] had an agreement to resolve the claim that significantly pre-dated the expiration of the statute of limitations."

Following a hearing on all three motions, the trial court granted both motions to dismiss finding that Plaintiffs did not file a new summons to be served on Defendant within the time required by Tenn. R. Civ. P. 3. The trial court also denied Plaintiffs' motion to enforce its settlement agreement with Direct Insurance.

Plaintiffs then filed a motion to alter, amend, or set aside the judgment. They contended the time for reissuing summons was tolled and extended while the bankruptcy stay was in effect pursuant to Tenn. Code Ann. § 28-1-109; therefore, service of process on Defendant was timely. Following a hearing the trial court denied the motion.

Plaintiffs timely filed this appeal and raise the following issues:

(1) whether the trial court erred in dismissing Plaintiffs' case based on their failure to timely reissue process when they relied to their detriment on conduct from Defendant's counsel that led them to believe that a settlement agreement had been reached with Direct Insurance, that Defendant did not intend to rely on the statute of limitations, and that Plaintiffs were free to proceed against Allmerica pursuant to Tenn. Code Ann. § 56-7-1206(d) without further "due diligence"; and

(2) whether the time for serving Defendant was tolled during Defendant's bankruptcy.

We have determined the dispositive issue is whether the 202 days the bankruptcy stay was in effect is not to be counted in calculating the statute of limitations.[5]

## STANDARD OF REVIEW

In cases where the trial court considers evidentiary material outside of the pleadings, a motion to dismiss will be reviewed using the standards applicable to motions for summary judgment. *See* Tenn. R. Civ. P. 12.02; *Patton v. Estate of Upchurch*, 242 S.W.3d 781, 786 (Tenn. Ct. App. 2007). This court reviews a trial court's decision on a motion for summary judgment de novo without a presumption of correctness. *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015) (citing *Bain*

---

[5] Because our ruling reinstates Plaintiffs' complaint against Defendant and Allmerica, the other issues are pretermitted. Therefore, they are not discussed.

*v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997)). Accordingly, this court must make a fresh determination of whether the requirements of Tenn. R. Civ. P. 56 have been satisfied. *Id.*; *Hunter v. Brown*, 955 S.W.2d 49, 50-51 (Tenn. 1997). In so doing, we consider the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Godfrey v. Ruiz*, 90 S.W.3d 692, 695 (Tenn. 2002).

Summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. When the party moving for summary judgment does not bear the burden of proof at trial, it may satisfy its burden of production "either (1) by affirmatively negating an essential element of the nonmoving party's claim or (2) by demonstrating that the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the nonmoving party's claim or defense." *Rye*, 477 S.W.3d at 264 (emphasis in original).

## ANALYSIS

The dispositive issue in this appeal is whether Plaintiffs obtained the issuance of alias summons for Defendant prior to the expiration of the statute of limitations. The answer to this question hinges on the combined effect of two state statutes, a rule of civil procedure, and a federal bankruptcy statute; they being, Tenn. Code Ann. § 28-3-104(a)(1), Tenn. Code Ann. § 28-1-109, Tenn. R. Civ. P. 3, and 11 U.S.C. § 362(a)(1).

Generally, an action for personal injury must be commenced within one year of the date the plaintiff sustained injury. Tenn. Code Ann. § 28-3-104(a)(1); *Sims v. Adesa Corp.*, 294 S.W.3d 581, 585 (Tenn. Ct. App. 2008).

> All civil actions are commenced by filing a complaint with the clerk of the court. An action is commenced within the meaning of any statute of limitations upon such filing of a complaint, whether process be issued or not issued and whether process be returned served or unserved. *If process remains unissued for 90 days or is not served within 90 days from issuance, regardless of the reason, the plaintiff cannot rely upon the original commencement to toll the running of a statute of limitations unless the plaintiff continues the action by obtaining issuance of new process within one year from issuance of the previous process* or, if no process is issued, within one year of the filing of the complaint.

Tenn. R. Civ. P. 3 (emphasis added).

The accident occurred on February 5, 2014. Plaintiffs filed their complaint on May 1, 2014, at which time summons was issued for service on Defendant as well as the

uninsured motorist carrier. The uninsured motorist carrier was served. The Robertson County Sheriff attempted to serve the summons and complaint on Defendant at the address stated on the summons; however, Defendant had moved, and the summons was returned to the clerk on May 19, 2014, with the notation: "[u]nable to serve in Robertson County, new address: 131 Fern Avenue, Nashville." Plaintiffs took no further action to effect service of process on Defendant until June 1, 2015, which was more than twelve months after the first summons was issued.[6]

In order to rely on the original filing of the lawsuit to toll the running of the one-year statute of limitations, Plaintiffs were required to obtain issuance of new process within one year from issuance of the previous process. *See* Tenn. R. Civ. P. 3. Because the original summons, which was issued on May 1, 2014, was returned unserved, Plaintiffs were required to obtain issuance of new process, an alias summons, by May 1, 2015. They did not. Therefore, unless the running of the statute of limitations was stayed, tolled, or suspended, the action was time barred.

Defendant filed her bankruptcy petition on February 27, 2014, which was after the accident occurred but prior to the commencement of this action. Although Plaintiffs were unaware of the bankruptcy when they filed this action, Defendant's bankruptcy operated as an automatic stay of, *inter alia*,

> *the commencement or continuation, including the issuance or employment of process*, of a judicial . . . proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title.

11 U.S.C. § 362(a)(1) (emphasis added).

This state court action could have been commenced before the commencement of the bankruptcy case; therefore, the commencement of this action, as well as the issuance of process on Defendant, was in violation of the automatic stay. *See id*. Furthermore, because the commencement of this action was in violation of the bankruptcy stay, it was either void or voidable.[7] *See Southland Exp., Inc. v. Scrap Metal Buyers of Tampa, Inc.*,

---

[6] As discussed earlier, the alias summons for service at the Nashville address was returned unserved. A pluries summons was issued on August 28, 2015, and Defendant was served at the Nashville address on September 21, 2015.

[7] There is division among the U.S. Circuit Courts on the issue of whether actions filed in violation of the automatic stay are void or voidable. *Southland Exp., Inc. v. Scrap Metal Buyers of Tampa, Inc.*, 895 S.W.2d 335, 341 (Tenn. Ct. App. 1994). In *Southland Express*, we followed the approach taken by the Sixth Circuit and held "that an action filed in violation of the automatic bankruptcy stay is voidable and

(continued…)

895 S.W.2d 335, 341 (Tenn. Ct. App. 1994); *see also Easley v. Pettibone Michigan Corp.*, 990 F.2d 905, 909 (6th Cir. 1993).

The automatic stay remained in place for a period of 202 days, until September 17, 2014, when the bankruptcy court granted Plaintiffs relief from the stay. Thus, Plaintiffs were enjoined for 202 days from, *inter alia*, "the issuance or employment of process" against Defendant *Id.* Accordingly, Plaintiffs were enjoined from obtaining the issuance of alias summons to be served on Defendant during this 202 day period.

Although the bankruptcy stay *enjoined* Plaintiffs from issuing process against Defendant for 202 days, the stay did not *toll* or *suspend* the running of the statute of limitations. *See Weaver v. Hamrick*, 907 S.W.2d 385, 391 (Tenn. 1995). As our Supreme Court explained in *Weaver*, 11 U.S.C. § 108(c) does not, in and of itself, suspend the running of a limitations period.[8] *Id.*

The Court further noted that "[t]he reference in Section 108(c)(1) to 'suspension' is not to the operation of bankruptcy law but to other federal or state statutes that expressly provide for the suspension of deadlines." *Id.* (citing *Aslanidis v. U.S. Lines, Inc.*, 7 F.3d 1067, 1073 (2nd Cir. 1993)). "If the limitations period has expired and no other federal or state law mandates that the time period is suspended, then under Section 108(c)(2), a party has only thirty days after the lifting of the stay to act." *Id.* (citing *Rogers v. Corrosion Prods., Inc.*, 42 F.3d 292, 297 (5th Cir. 1995), *cert. denied*, 515 U.S.

---

not void." *Id.* (citing *Easley v. Pettibone Michigan Corp.*, 990 F.2d 905, 909 (6th Cir. 1993) ("We think that 'invalid' is a more appropriate adjective to use when defining an action taken against a debtor during the duration of the automatic stay. Like the word 'void,' 'invalid' describes something that is without legal force or effect. However, something that is invalid is not incurable, in contrast to a void action which is incapable of being ratified.")).

[8] The Bankruptcy Code addresses the effect of the bankruptcy stay upon a limitations period for a civil action in nonbankruptcy court. Specifically, 11 U.S.C. § 108(c) states,

> Except as provided in section 524 of this title, if applicable nonbankruptcy law . . . fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor . . . and such period has not expired before the date of the filing of the petition, then such period does not expire until the later of - -
>
>> (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or
>>
>> (2) 30 days after notice of the termination or expiration of the stay under section 362, 922, 1201, or 1301 of this title, as the case may be, with respect to such claim.

11 U.S.C. § 108(c) (emphasis added).

1160 (1995)); *see also Rabbitt v. Mills*, No. M2004-01103-COA-R3-CV, 2005 WL 2012774, at *3 (Tenn. Ct. App. Aug. 22, 2005). Because Plaintiffs did not obtain the issuance of alias summons within 30 days of the lifting of the stay or within one year from the issuance of the previous unserved summons, Plaintiffs need the benefit of a "federal or state law that mandates that the time period is suspended." *See Weaver*, 907 S.W.2d at 391. This is why Tenn. Code Ann. § 28-1-109 must be considered.

Tenn. Code Ann. § 28-1-109 reads, "When the commencement of an action is stayed by injunction, *the time of the continuance of the injunction is not to be counted*." *Id*. (emphasis added). The statute expressly provides for the suspension of deadlines during the continuance of the injunction, and the bankruptcy court's automatic stay enjoined not only the commencement of this state court action but the issuance of process against Defendant. *See* 11 U.S.C. § 362(a)(1). Therefore, the 202 days the bankruptcy injunction was in effect is not to be counted in calculating the year within which Plaintiffs could have obtained the issuance of an alias summons. *See* Tenn. Code Ann. § 28-1-109; *see also Weaver*, 907 S.W.2d at 391.

With the addition of 202 days to the period within which Plaintiffs could obtain the issuance of alias summons under Tenn. R. Civ. P. 3, the issuance of the alias summons on June 1, 2015, was timely. As a consequence, the trial court's order dismissing this case is vacated, and the complaint is to be reinstated as to Defendant and Allmerica Financial Alliance Insurance Company.

### IN CONCLUSION

The judgment of the trial court is vacated, and this case is remanded with instructions to reinstate the complaint and for further proceedings consistent with this opinion. Costs of appeal are assessed jointly and severally against Defendant and Allmerica Financial Alliance Insurance Company.

_____
FRANK G. CLEMENT, JR., P.J., M.S.