IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
March 16, 2021 Session

## THE LAW OFFICES OF T. ROBERT HILL PC F/K/A HILL BOREN PC v. LEWIS COBB ET AL.

### Appeal from the Circuit Court for Madison County
No. C-19-70  Don R. Ash, Senior Judge

_____

### No. W2020-01380-COA-R3-CV

_____

Following the dissolution of the law firm formerly known as Hill Boren, PC, Appellant brought, *inter alia*, the following claims: (1) Count 1: "Joint Enterprise/Venture/Aiding and Abetting Fiduciary Breach;" (2) Count 2: "No Derivative Cause of Action: Negligence and/or Fraud;" (3) Count 4: "Attempted Cover Up: Punitive Damages;" (4) Count 6: "Strict Liability in Tort for Misconduct of a Lawyer;" and (5) Count 7: "Liability of Lawyer Misconduct Causing Harm/Damage to a Foreseeable Non-Party Non-Client Ethical Differentiation Standard."  The trial court dismissed Appellant's lawsuit on grant of Appellees' Tennessee Rule of Civil Procedure 12 motion to dismiss and on grant of Appellees' motion for summary judgment. In part, the dismissal was based on a final judgment in the underlying lawsuit, ***Boren v. Hill Boren, PC***, No. W2019-02235-COA-R3-CV, 2021 WL 1109992 (Tenn. Ct. App. March 23, 2021).  Subsequently, however, this Court dismissed the appeal of the underlying lawsuit on the ground that the order appealed was not final.  As such, we vacate the trial court's dismissal of a portion of Count 2 and Count 4 on the grounds of res judicata and collateral estoppel.  The trial court's orders are otherwise affirmed, and the Appellant's request for stay is denied.

### Tenn. Ct. App. R. 3 Appeal as of Right; Judgment of the Circuit Court Vacated in Part, Affirmed in Part, and Remanded

KENNY ARMSTRONG, J., delivered the opinion of the court, in which W. NEAL MCBRAYER and ARNOLD B. GOLDIN, JJ., joined.

T. Robert Hill and Tamara Hill, Jackson, Tennessee, for the appellant, The Law Offices of T. Robert Hill, PC.

Richard Glassman and Lauran Stimac, Memphis, Tennessee, for the appellees, Lewis Latane Cobb, Teresa Anne Luna, and Spragins, Barnett & Cobb, PLC.

## OPINION

## I. Background

Following the dissolution of the law firm known as Hill Boren, PC, on May 6, 2019, Appellant, The Law Offices of T. Robert Hill, filed its First Amended Complaint against Lewis Cobb, Teresa Luna, and Spragins, Barnett and Cobb, PLC (together "Appellees") in the Circuit Court for Madison County ("trial court"). Appellant alleged seven causes of action: (1) Count 1: Joint Enterprise/Venture/Aiding and Abetting Fiduciary Breach; (2) Count 2: No Derivative Cause of Action: Negligence and/or Fraud; (3) Count 3: Libel and Slander; (4) Count 4: Attempted Cover Up: Punitive Damages; (5) Count 5: Legal Malpractice: Direct Action; (6) Count 6: Strict Liability in Tort for Misconduct of a Lawyer; and (7) Count 7: Liability of Lawyer Misconduct Causing Harm/Damage to a Foreseeable Non-Party Non-Client Ethical Differentiation Standard. At the commencement of this action, the case of Ricky L. Boren on behalf of Hill Boren, PC, Ricky L. Boren, Individually, and Jeffrey P. Boyd v. Hill Boren, P.C. and T. Robert Hill, Individually ("the Underlying Case") was ongoing in the Madison County Chancery Court. The Underlying Case was brought by Ricky L. Boren and Jeffrey Boyd, individually, and Ricky L. Boren on behalf of Hill Boren, PC. The named defendants in the Underlying Case were Hill Boren, PC and T. Robert Hill, who was Hill Boren, PC's majority stockholder. The named defendants in the Underlying Case were represented by Tamara Hill, who filed a counter-complaint in the Underlying Case. Lewis Cobb and Teresa Luna represented the plaintiffs in the Underlying Case. Following a jury trial, judgment was entered against the defendants in the Underlying Case on August 12, 2019. On March 23, 2021, this Court dismissed the appeal of the Underlying Case on the ground that there was no final order in the case so as to confer jurisdiction on this Court under Tennessee Rule of Appellate Procedure 3. *Boren v. Hill Boren, PC*, No. W2019-02235-COA-R3-CV, 2021 WL 1109992 (Tenn. Ct. App. March 23, 2021).

Concerning the instant appeal, on May 30, 2019, Appellees filed a motion to dismiss the First Amended Complaint, alleging that Appellant's claims: (1) were barred by the litigation privilege; (2) failed to state a claim upon which relief could be granted for legal malpractice; (3) failed to state a claim for fraud and defamation; (4) were barred by the doctrines of collateral estoppel and/or res judicata; and (5) were completely unsupported by Tennessee law, as Appellant sought to "establish a new common law action for damages to non-client third parties based upon the allegations set out in the Amended Complaint for attorney strict liability in tort." Appellant filed a response in opposition to the motion to dismiss. Following a hearing, on July 19, 2019, the trial court entered an order dismissing: (1) the allegations of joint enterprise/venture/aiding and abetting fiduciary breach (Count 1) for failure to state a claim; (2) the allegations of "no derivative cause of action: negligence and/or fraud" (Count 2), in part, as barred by the litigation privilege; (3) claims of libel and slander (Count 3) as barred by the litigation privilege; (4) the allegations of strict liability in tort for misconduct of a lawyer (Count 6) for failure to state a claim; and

(5) the allegations of "liability of lawyer misconduct causing harm/damage to a foreseeable third party non-client ethical differentiation standard" (Count 7) for failure to state a claim. Following entry of the July 19, 2019 order, the following claims remained: (1) "no derivative cause of action: negligence and/or fraud" (Count 2), in part; (2) "attempted cover up: punitive damages," (Count 4); and (3) "legal malpractice: direct action" (Count 5).

On August 5, 2019, Appellees filed a second motion seeking dismissal of the First Amended Complaint. Appellees provided the trial court with copies of selected pleadings from the Underlying Case in support of their collateral estoppel and res judicata arguments. On August 15, 2019, Appellant filed a motion for interlocutory appeal of the July 2019 order, and, on August 16, 2019, Appellant filed notices to depose Appellees Lewis Cobb and Teresa Luna on September 4 and 5, 2019, respectively. On August 23, 2019, Appellees filed a motion to quash the depositions. Prior to addressing these motions, the trial court, on September 9, 2019, stayed the proceedings until the conclusion of the Underlying Case. After judgment was entered in the Underlying Case, on January 31, 2020, the trial court lifted the stay and scheduled a hearing on the pending motions.

On July 2, 2020, the trial court heard Appellant's Motion for Appeal of Interlocutory Order and Appellees' Motion to Quash Plaintiff's Notices of Depositions. The trial court subsequently entered an Order, in which it reserved its rulings on these motions until after it ruled on Appellees' second motion seeking dismissal of the First Amended Complaint. The trial court set a hearing for the second motion for August 3, 2020 and entered an order denying Appellant's Motion for Interlocutory Appeal on July 21, 2020.

In opposition to Appellees' second motion seeking dismissal, on July 15, 2020, Appellant filed a Statement of Undisputed Material Facts, a Motion for More Definite Statement or to Deny the Motion for Summary Judgment and For Stay of Case Pending Appeal of Underlying Case, and a Response to Defendants' Statement of Facts. On July 29, 2020, Appellees filed a Response in Opposition to Plaintiff's Statement of Undisputed Facts and a Response in Opposition to Plaintiff's Motion for More Definite Statement.

On September 8, 2020, the trial court entered an Order denying Appellant's motions and granting Appellees' second motion to dismiss/summary judgment on the grounds that: (1) the allegations of alleged negligence and an attempted cover up (Counts 2 and 4) were barred by the doctrines of collateral estoppel and res judicata and otherwise failed to state a claim on which relief could be granted; and (2) there was no genuine issue of material fact in dispute as to the legal malpractice claim (Count 5) because there was no attorney-client relationship. Appellant filed a timely notice of appeal.

## II. Issues

Appellant does not appeal the trial court's dismissal of Count 3, i.e., libel and slander, or Count 5, i.e., legal malpractice. As such, we will not address the trial court's ruling on these counts in our opinion. We restate the dispositive issues as follows:

1. Whether the trial court erred in dismissing Count 1 of Appellant's First Amended Complaint for joint enterprise / venture / aiding and abetting fiduciary breach for failure to state a claim on which relief could be granted.
2. Whether the trial court erred in dismissing part of Count 2 of Appellant's First Amended Complaint for "no derivative cause of action: negligence and/or fraud" based on the litigation privilege.
3. Whether the trial court erred in dismissing the remainder of Count 2 based on the doctrines of res judicata and/or collateral estoppel.
4. Whether the trial court erred in dismissing Count 4 of Appellant's First Amended Complaint for "attempted cover up: punitive damages" on the grounds of res judicata and/or collateral estoppel, and failure to state a claim on which relief could be granted.
5. Whether the trial court erred in dismissing Count 6 of Appellant's First Amended Complaint for strict liability in tort for misconduct of a lawyer for failure to state a claim on which relief could be granted.
6. Whether the trial court erred in dismissing Count 7 of Appellant's First Amended Complaint for "liability of lawyer misconduct causing harm / damage to a foreseeable third-party non-client ethical differentiation standard" for failure to state a claim on which relief could be granted.
7. Whether the trial court erred in denying Appellant's Tennessee Rule of Civil Procedure Rule 12.05 Motion for More Definite Statement and for Stay of Case Pending Appeal of Underlying Case.

## III. Standards of Review

In its July 19, 2019 and September 8 2020 orders, from which Appellant appeals, the trial court applied the standard of review for a motion for summary judgment pursuant to Rule 56 of the Tennessee Rules of Civil Procedure and the standard of review for a motion to dismiss pursuant to Rule 12 of the Tennessee Rules of Civil Procedure.

The resolution of a Tennessee Rule of Civil Procedure 12.02(6) motion to dismiss is determined by an examination of the pleadings alone. *Leggett v. Duke Energy Corp.*, 308 S.W.3d 843, 851 (Tenn. 2010); *Trau-Med of Am., Inc. v. Allstate Ins. Co.*, 71 S.W.3d 691, 696 (Tenn. 2002). A defendant who files a motion to dismiss "'admits the truth of all of the relevant and material allegations contained in the complaint, but . . . asserts that the allegations fail to establish a cause of action.'" *Brown v. Tenn. Title Loans, Inc.*, 328 S.W.3d 850, 854 (Tenn. 2010) (quoting *Freeman Indus., LLC v. Eastman Chem. Co.*,

- 4 -

172 S.W.3d 512, 516 (Tenn. 2005)).

In considering a motion to dismiss, courts "must construe the complaint liberally, presuming all factual allegations to be true and giving the plaintiff the benefit of all reasonable inferences." *Tigg v. Pirelli Tire Corp.*, 232 S.W.3d 28, 31-32 (Tenn. 2007) (citing *Trau-Med.*, 71 S.W.3d at 696). A trial court should grant a motion to dismiss "only when it appears that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief." *Crews v. Buckman Labs Int'l, Inc.*, 78 S.W.3d 852, 857 (Tenn. 2002); *see also Lanier v. Rains*, 229 S.W.3d 656, 660 (Tenn. 2007). We review the trial court's legal conclusions regarding the adequacy of the complaint *de novo* with no presumption that the trial court's decision was correct. *Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d 422, 429 (Tenn. 2011).

"A trial court's decision to grant a motion for summary judgment presents a question of law. Therefore, our review is *de novo* with no presumption of correctness afforded to the trial court's determination." *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997). This Court must make a fresh determination that all requirements of Tennessee Rule of Civil Procedure 56 have been satisfied. *Abshure v. Methodist Healthcare-Memphis Hosps*., 325 S.W.3d 98, 103 (Tenn. 2010). When a motion for summary judgment is made, the moving party has the burden of showing that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Tenn. R. Civ. P. 56.04. "A fact is material 'if it must be decided in order to resolve the substantive claim or defense at which the motion is directed.'" *Akers v. Heritage Med. Assocs., P.C.*, No. M2017-02470-COA-R3-CV, 2019 WL 104130, at *5 (Tenn. Ct. App. Jan. 4, 2019), *perm. app. denied* (Tenn. May 16, 2019) (quoting *Byrd v. Hall*, 847 S.W.2d 208, 215 (Tenn. 1993)). Furthermore, "[a] 'genuine issue' exists if 'a reasonable jury could legitimately resolve that fact in favor of one side or the other.'" *Akers*, 2019 WL 104130, at *5 (quoting *Byrd*, 847 S.W.2d at 215).

The Tennessee Supreme Court has explained that when the party moving for summary judgment does not bear the burden of proof at trial, "the moving party may satisfy its burden of production either: (1) by affirmatively negating an essential element of the nonmoving party's claim, or (2) by demonstrating that the nonmoving party's evidence at the summary judgment stage is insufficient to establish the nonmoving party's claim or defense." *Rye v. Women's Care Center of Memphis, MPLLC*, 477 S.W.3d 235, 265 (Tenn. 2015) (italics omitted). Furthermore,

> "[w]hen a motion for summary judgment is made [and] . . . supported as provided in [Tennessee Rule 56]," to survive summary judgment, the nonmoving party "may not rest upon the mere allegations or denials of [its] pleading," but must respond, and by affidavits or one of the other means provided in Tennessee Rule 56, "set forth specific facts" at the summary judgment stage "showing that there is a genuine issue for trial." Tenn. R.

Civ. P. 56.06. The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." ***Matsushita Elec. Indus. Co.,*** [***Ltd. v. Zenith Radio Corp.***], 475 U.S. [574,] 586, 106 S. Ct. 1348 [(1986)]. The nonmoving party must demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in favor of the nonmoving party.

*Rye,* 477 S.W.3d at 265. "Upon review, this Court considers 'the evidence in the light most favorable to the non-moving party and draw[s] all reasonable inferences in that party's favor.'" ***Ray v. Neff***, No. M2016-02217-COA-R3-CV, 2018 WL 3493158, *3 (Tenn. Ct. App. July 20, 2018) (quoting ***McCullough v. Vaughn***, 538 S.W.3d 501, 505 (Tenn. Ct. App. 2017) (citing ***Godfrey v. Ruiz***, 90 S.W.3d 692, 695 (Tenn. 2002))); *see also* ***Stovall v. Clarke***, 113 S.W.3d 715, 721 (Tenn. 2003) (citing ***Webber v. State Farm Mut. Auto. Ins. Co.***, 49 S.W.3d 265, 269 (Tenn. 2001)). The trial court may grant summary judgment only if "'both the facts and the conclusions to be drawn from the facts permit a reasonable person to reach only one conclusion.'" ***Helderman v. Smolin***, 179 S.W.3d 493, 500 (Tenn. Ct. App. 2005) (quoting ***Carvell v. Bottoms***, 900 S.W.2d 23, 26 (Tenn. 1995)).

Finally, as to issue 7, i.e., appeal of the trial court's denial of Appellant's Rule 12.05 motion for more definite statement and the motion for stay of case pending appeal, we review those decisions under an abuse of discretion standard. ***Heath v. Cornelius***, 511 S.W.2d 683, 685 (Tenn. 1974); ***Sanjines v. Ortwein and Associates, P.C.***, 984 S.W.2d 907, 909 (Tenn. 1998). An abuse of discretion occurs when the trial court causes an injustice by applying an incorrect legal standard, reaches an illogical result, resolves the case on a clearly erroneous assessment of the evidence, or relies on reasoning that causes an injustice. ***Wright ex rel. Wright v. Wright***, 337 S.W.3d 166, 176 (Tenn. 2011); ***Henderson v. SAIA, Inc.***, 318 S.W.3d 328, 335 (Tenn. 2010). With the foregoing in mind, we turn to address the issues.

### IV. Count 1, Joint Enterprise/Venture/Aiding and Abetting Fiduciary Breach

Count 1 of the Appellant's First Amended Complaint for Damages, "Joint Enterprise/Venture/Aiding and Abetting Fiduciary Breach," is based on Appellant's contention that the Appellees conspired with employees of Hill Boren, PC to establish a competing law firm. Appellees moved to dismiss Count 1 of the First Amended Complaint for Damages for failure to state a claim on which relief could be granted under Tennessee Rule of Civil Procedure 12.

In its July 19, 2019 order, the trial court dismissed Count 1. Specifically, the trial court held:

[Appellant] alleges [Appellees] Cobb and Luna conspired with Hill Boren, PC employees to destroy the firm despite knowing the employees owed a

- 6 -

fiduciary duty to Hill Boren. Specifically, it claims [Appellees] conspired to have Ricky Boren leave the Hill Boren firm and to have Ricky Boren buy a building to house a competing law firm . . . . [Appellant's] First Amended Complaint fails to demonstrate an unlawful purpose by [Appellees] or an effort by them to accomplish a lawful purpose by unlawful means. Accordingly, this Court dismissed Count 1 for failure to state a claim.

In *PNC Multifamily Capital Institutional Fund XXVI Ltd. Partnership v. Bluff City Community Development Corp.*, 387 S.W.3d 525, 537-538 (Tenn. Ct. App. 2012), this Court explained:

The elements necessary to establish a claim for civil conspiracy are: "(1) a common design between two or more persons, (2) to accomplish by concerted action an unlawful purpose, or a lawful purpose by unlawful means, (3) an overt act in furtherance of the conspiracy, and (4) resulting injury." *Kincaid* [*v. SouthTrust Bank*], 221 S.W.3d [32, 38 (Tenn. Ct. App. 2006)]. In addition, a claim for civil conspiracy "requires an underlying predicate tort allegedly committed pursuant to the conspiracy." *Watson's Carpet & Floor Coverings, Inc. v. McCormick*, 247 S.W.3d 169, 180 (Tenn. Ct. App. 2007). Conspiracy, standing alone, is not actionable where the underlying tort is not actionable. *Id.* at 179-80.

Tennessee law provides that "[d]ismissal under Tenn. R. Civ. P. 12.02(6) is warranted only when the alleged facts will not entitle the plaintiff to relief or when the complaint is totally lacking in clarity and specificity." *421 Corp. v. Metropolitan Gov't. of Nashville & Davidson County*, 36 S.W.3d 469, 479 (Tenn. Ct. App. 2000) (citing *Dobbs v. Guenther*, 846 S.W.2d 270, 273 (Tenn. Ct. App. 1992)). In support of its claim for civil conspiracy, Appellant makes the following averments in its First Amended Complaint:

7. [Appellees] Cobb and Luna negligently and or intentionally entered upon a civil conspiracy or joint enterprise or joint venture or collusion with a current officer and director (Boren) of Hill Boren PC and Jeffrey P. Boyd, a Hill Boren PC management attorney employee, and Michele Eckhart, a Hill Boren, PC management employee, for the purpose of destroying Hill Boren PC. They knew that Boren, at all times, owed a fiduciary duty to Hill Boren PC of the utmost good faith and fair dealing as well as duty of loyalty as a professional employee. They knew Boyd was part of the joint enterprise, joint venture or civil conspiracy in breach of his duty of employee loyalty and fiduciary management responsibility to Hill Boren PC or engaged in impermissible collusion or civil conspiracy. The defendants knew that Michele Eckhart was a management employee with a fiduciary duty of good faith and loyalty to Hill Boren, PC. [Appellees] Cobb, Luna and possibly others yet to be discovered, aided, abetted and assisted Boren and Boyd in

the venture or civil conspiracy to breach their fiduciary duty and to destroy a profitable corporation.

8. Cobb, Luna and Boyd conspired to have Ricky Boren, a 32% owner in the building occupied by Hill Boren, PC, to buy a building to house Boren and Boyd, PLC and to move with Boyd to that building.

9. Cobb, Luna and Boyd conspired to have Boren leave Hill Boren, PC, thus destroying the 40+ year-old brand, due to ethical obligations concerning naming a law firm.

Having reviewed the allegations raised in Appellant's First Amended Complaint, we agree with the trial court that Appellant failed to state a claim for civil conspiracy against Appellees. While "great specificity in the pleadings is ordinarily not required," civil conspiracy claims must be pled with some degree of specificity in order to survive a motion to dismiss; conclusory allegations unsupported by material facts will not be sufficient to state a claim. ***Kincaid***, 221 S.W.3d at 38 (citing ***McGee v. Best***, 106 S.W.3d 48, 64 (Tenn. Ct. App. 2002)); *see also* ***O'Dell v. O'Dell***, 303 S.W.3d 694, 697 (Tenn. Ct. App. 2008) (quoting ***Kincaid***, 221 S.W.3d at 38). As set out above, the amended complaint contains numerous allegations that Appellees somehow conspired concerning the alleged breaches of good faith and fiduciary duties to "destroy[] the 40+ year-old brand" of Hill Boren, PC, yet the only concrete action averred is the purchase of a building. The remaining allegations, as set out above, are too vague and general to satisfy even the less stringent pleading requirements of Tennessee Rule of Civil Procedure 8.01, much less the more stringent pleading requirements for civil conspiracy claims. ***McGee***, 106 S.W.3d at 64 (explaining that conclusory allegations unsupported by material facts will not be sufficient to state a claim for civil conspiracy).[1] As such, we conclude that the trial court did not err in dismissing Count 1 of the First Amended Complaint.

## V. Count 2, "No Derivative Cause of Action: Negligence and/or Fraud"—
## Litigation Privilege

As set out in the First Amended Complaint, Appellant's second count, i.e., "No Derivative Cause of Action: Negligence and/or Fraud," is based on Appellant's contention

_____

[1] In its brief, Appellant appears to argue that the trial court's dismissal of Count 1 should be reversed because there was no ground for the derivative claim forming the basis of the Underlying Case at the time that suit was filed. In support of this argument, Appellant references a representation allegedly made by Appellee Lewis Cobb in the Underlying Case. There is no reference to the Technical Record; however, from our review, the alleged allegation by Mr. Cobb does not appear in the record in this appeal. As such, we will not consider this argument. *See*, No. W2019-00864-COA-R3-CV, 2020 WL 6806372, at *6 (Tenn. Ct. App. Nov. 19, 2020) *See* **Jones *v.* Helms** (stating that because appellant did not create an accurate record on appeal, appellant "waives issues on appeal that are based on incomplete portions of the record"). Appellant also attempts to rely upon Rule 11.02 of the Tennessee Rules of Civil Procedure in support of its argument on this issue. This argument was not raised in Appellant's Response in Opposition to Motion to Dismiss. Because an appellant is not permitted to raise new arguments for the first time on appeal, *see* **Bean *v.* Bean**, 40 S.W.3d 52, 55-56 (Tenn. Ct. App. 2000), we will not address this argument.

that Appellees pursued the Underlying Case with the intent to destroy Hill Boren, P.C. and establish a competing law firm. Appellant averred that Appellees used the Underlying Case to "maliciously, improperly and unethically gain an advantage in a personal dispute to effect a hostile takeover of . . . Hill Boren, PC and loot the corporation of its assets, including its valuable brand, [property,] and approximately 1,400 Hill Boren clients." In furtherance of this goal, Appellant contends that Appellees: (1) made false and irrelevant allegations in pleadings in the Underlying Case in an effort to assault the character of T. Robert Hill; (2) participated in an improper *ex parte* interaction with the court in an effort to deceive Appellant and gain an unfair advantage; (3) and suborned perjury by submitting affidavits and presenting witnesses whose testimonies were false. Appellees moved to dismiss Count 2 of the First Amended Complaint based, *inter alia*, on the litigation privilege. In its Response to Appellees' motion to dismiss, Appellant argued that the litigation privilege does not apply to the actions giving rise to its claims because those actions include criminal conduct (i.e., knowingly suborning perjurious testimony and filing perjurious affidavits), and aiding and abetting a fiduciary to breach his statutory and common law duty of utmost good faith to Hill Boren, PC, all of which actions Appellant argued fall outside the purview of the litigation privilege.

Concerning Count 2, in its July 19, 2019 order, the trial held, in relevant part, that:

> [Appellees'] pursuit of the lawsuit—including ex parte temporary restraining orders; false and fraudulent pleadings, affidavits and court testimony; and lawsuit advising/strategy—is protected by the litigation privilege. Count 2 is dismissed as to this conduct.
> However, the Court finds the allegations [that Appellees] negligently solicited, advised, involved, encouraged and colluded with Hill Boren, PC employees to participate in the firm's destruction in violation of the duty of loyalty and to provide false testimony, relate to wrongful means, and therefore, the Court declines to dismiss Count 2 as to this conduct at this juncture.

Appellant appeals the trial court's dismissal of a portion of this count on the grounds that the actions complained of on the part of the Appellees are not, or should not be, covered by the litigation privilege. Specifically, we glean from Appellant's brief that its primary contention rests on the argument that the averments of subornation of perjury and submission of knowingly false affidavits are not covered by the litigation privilege. In support of this argument, Appellant relies on this Court's opinion in ***Unarco Material Handling, Inc. v. Liberato***, 317 S.W.3d 227 (Tenn. Ct. App. 2010).

In ***Unarco***, this Court reviewed the history of the application of the litigation privilege in Tennessee, and explained the purpose of the privilege as follows:

Courts have repeatedly embraced the privilege because "access to the judicial process, freedom to institute an action, or defend, or participate therein without fear of the burden of being sued for defamation is so vital and necessary to the integrity of our judicial system that it must be made paramount."

*Unarco*, 317 S.W.3d at 231 (quoting *Simpson Strong-Tie Company, Inc. v. Stewart*, 232 S.W.3d 18, 23 (Tenn. 2007)). The litigation privilege applies when there is a reasonable nexus between the communication or act in question and the litigation under consideration and when the communication has some relation to a proceeding that is contemplated in good faith and under serious consideration. *Simpson*, 232 S.W.3d at 24.

The Tennessee Supreme Court has consistently held that the litigation privilege in Tennessee is an absolute privilege; however, the Court has also stated that the attorney's conduct must come within strict parameters, i.e., the "contours" of the privilege for the privilege to apply. Thus, attorneys in Tennessee are only entitled to immunity under the litigation privilege if the conduct at issue falls within certain parameters. *Unarco*, 317 S.W.3d at 238. In explaining the absolute nature of the litigation privilege, the *Unarco* Court explained that, "[a] privilege is described as absolute when it is not defeated by the defendant's malice, ill-will, or improper purpose in publishing the defamatory communication. Thus, an absolute privilege is, in effect, a complete immunity." *Id.* at n.17 (quoting *Simpson*, 232 S.W.3d at 22). The *Unarco* Court went on to find that the litigation privilege in Tennessee applies not only to *statements* made in the course of litigation, but also to *actions* taken prior to the commencement of litigation, under certain circumstances, to-wit:

> [T]he litigation privilege in Tennessee applies to an attorney's **conduct** prior to the commencement of litigation if (1) the attorney was acting in the capacity of counsel for a client or identifiable prospective client when the conduct occurred, (2) the attorney was acting in good faith for the benefit of and on behalf of the client or prospective client, not for the attorney's self interest, (3) the conduct was related to the subject matter of proposed litigation that was under serious consideration by the attorney, and (4) there was a real nexus between the attorney's conduct and litigation under consideration.

*Id.* at 238 (emphasis added).

Turning to Appellant's brief, while acknowledging the Tennessee Supreme Court's holding in *Unarco*, Appellant seems to request that this Court alter or limit the "contours" of the privilege outlined in that case. In support of this argument, Appellant first cites *Rye*, 477 S.W.3d at 263, in which the Tennessee Supreme Court declared a standard for summary judgment articulated in a previous opinion "unworkable and inconsistent with

- 10 -

the history and text of Tennessee Rule 56," overruled its precedent, and established the current standard for summary judgment, *see supra*. In **Rye**, the Court was faced with two contradicting standards under the law in Tennessee. No such contradiction exists here. The law applied by the trial court on the issue of the litigation privilege is current and uncontradicted, as explained in **Unarco**. The conduct averred in Appellant's complaint involving "ex parte temporary restraining orders; false and fraudulent pleadings, affidavits and court testimony; and lawsuit advising/strategy" falls squarely within the contours of the litigation privilege, and the trial court did not err in relying on the litigation privilege in dismissing the portion of Count 2 resting on such conduct.[2]

### VI. Remainder of Count 2 and Count 4, "Attempted Cover Up: Punitive Damages"

As set out in context above, in its July 19, 2019 order, the trial court reserved ruling on Appellees' motion to dismiss the portion of Count 2 of Appellant's First Amended Complaint that relied on averments that Appellees "negligently solicited, advised, involved, encouraged and colluded with Hill Boren, PC employees to participate in the firm's destruction in violation of the duty of loyalty and to provide false testimony, relate to wrongful means." In its September 8, 2020 order, the trial court dismissed the remaining portion of Count 2 on the grounds of res judicata and collateral estoppel. Likewise, in the same order, the trial court dismissed count 4 of the complaint on the same grounds, i.e., res judicata and collateral estoppel. Specifically, the trial court held:

> [Appellees] claim [C]ounts two (2) and four (4) of [Appellant's] First Amended Complaint are virtually identical to [Appellant's] claims of conspiracy and joint venture in the [U]nderlying [Case]. The issues of conspiracy and joint venture were dismissed [in the Underlying Case] . . . .
>
> ***
>
> The judgment in the [Underlying Case] is a final judgment despite the status of the issues on appeal in the [Underlying Case]. . . . [T]herefore, any issues in the [U]nderlying [C]ase related to the issues in this case have been

---

[2] We note that, to the extent Appellant relies on the peer review privilege in support of his argument for reversal of the trial court's dismissal of Count 2, that reliance is misplaced. Without elaborating, the peer review privilege applies only to healthcare providers, whereas the litigation privilege applies to attorneys, parties, judges, and witnesses in legal proceedings. The purposes of the two privileges are also different, as articulated by the case law. *Compare* **Unarco**, 317 S.W.3d at 231 *with* **Reynolds v. Gray Medical Investors, LLC**, 578 S.W.3d 918, 923 (Tenn. Ct. App. 2018) ("The language of Tenn. Code Ann. § 68-11-272 clearly and unambiguously provides that the purpose of a QIC is to "'evaluate the safety, quality, processes, costs, appropriateness or necessity of healthcare services. . . .'"). As such, Appellant's apparent conflation of the peer review privilege with the litigation privilege is error.

disposed of by final judgment on the merits.

\*\*\*

Accordingly, . . . the court applies the doctrine of res judicata to bar the [Appellant's] claims as to [C]ount 2 and 4 of the Amended Complaint, in addition to the doctrine of collateral estoppel. Counts 2 and 4 of the Amended Complaint fail to state a claim upon which relief can be granted and are, therefore, DISMISSED, based on additional and alternative grounds.

"The doctrine of res judicata, also referred to as claim preclusion, bars a second suit between the same parties or their privies on the same cause of action with respect to all issues which were or could have been litigated in the former suit." *Creech v. Addington*, 281 S.W.3d 363, 376 (Tenn. 2009) (citing *Massengill v. Scott*, 738 S.W.2d 629, 631 (Tenn. 1987)). Res judicata applies when "an existing final judgment rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction, is conclusive of rights, questions[,] and facts in issue as to the parties and their privies, in all other actions in the same or any other judicial tribunal of concurrent jurisdiction." *Galbreath v. Harris*, 811 S.W.2d 88, 90 (Tenn. Ct. App. 1990) (citing *Lillard v. Yellow Mfg. Acceptance Corp.*, 263 S.W.2d 520, 524 (Tenn. 1953)).

Collateral estoppel, also referred to as issue preclusion, is a species of res judicata. *Thompson*, 285 S.W.3d 840, 848 (Tenn. 2009); *C.O. Christian & Sons Co. v. Nashville P.S. Hotel, Ltd.*, 765 S.W.2d 754, 756 (Tenn. Ct. App. 1988). Generally, the rule of collateral estoppel states that "[w]hen an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties whether on the same or a different claim." *C.O. Christian & Sons Co.*, 765 S.W.2d at 756 (quoting Restatement (Second) of Judgments § 27 (1982)).

Both res judicata and collateral estoppel promote "finality in litigation, prevent inconsistent or contradictory judgments, conserve legal resources, and protect litigants from the cost and vexation of multiple lawsuits." *Creech*, 281 S.W.3d at 376 (citations omitted); *see also Thompson*, 285 S.W.3d at 848. The Tennessee Supreme Court has summarized the distinctions between the two related doctrines as follows:

The doctrine of res judicata bars a second suit between the same parties or their privies on the same cause of action with respect to all issues which were or could have been litigated in the former suit. Collateral estoppel operates to bar a second suit between the same parties and their privies on a different cause of action only as to issues which were actually litigated and determined in the former suit.

*Massengill*, 738 S.W.2d at 631.

Importantly, both res judicata and collateral estoppel require a final judgment from which to take their preclusive effect. *Thompson*, 285 S.W.3d at 847; *Richardson v. Tennessee Bd. of Dentistry*, 913 S.W.2d 446, 459 (Tenn. 1995). As noted above, on March 23, 2021, this Court dismissed the appeal of the Underlying Case on the ground that there was no final order in the case so as to confer jurisdiction on this Court under Tennessee Rule of Appellate Procedure 3. *Boren*, 2021 WL 1109992. In the absence of a final order in the Underlying Case, we vacate the trial court's dismissal of the portion of Count 2 involving "allegations [that Appellees] negligently solicited, advised, involved, encouraged and colluded with Hill Boren, PC employees to participate in the firm's destruction in violation of the duty of loyalty and to provide false testimony." For the same reason, we also vacate the trial court's dismissal of Count 4 of Appellant's First Amended Complaint.

We note that, in addition to the application of res judicata and collateral estoppel, the trial court's September 20, 2020 order states that, "Counts 2 and 4 of the Amended Complaint fail to state a claim upon which relief can be granted and are, therefore, DISMISSED, **based on additional and alternative grounds**." (Emphasis added). The order does not elaborate or otherwise explain these "additional and alternative grounds." Although "[f]indings of fact and conclusions of law are unnecessary on decisions of motions," Tenn. R. Civ. P. 52.01, "[w]e are a reviewing court." *Jackson v. Smith*, No. W2011-00194-COA-R3-CV, 2011 WL 3963589, at *11 (Tenn. Ct. App. Sept. 9, 2011). As such, a trial court's order must contain enough information "to disclose ... the steps by which the trial court reached its ultimate conclusion. . . ." *In re Estate of Oakley*, No. M2014-00341-COAR3-CV, 2015 WL 572747, at *11 (Tenn. Ct. App. Feb. 10, 2015) (quoting *Lovlace v. Copley*, 418 S.W.3d 1, 35 (Tenn. 2013)). Here, the trial court's order sets out its ultimate conclusion, but provides no information (other than the grounds of res judicata and collateral estoppel, which are not applicable) from which this Court can discern the trial court's reasoning on the ground of failure to state a claim. For these reasons, we vacate the trial court's dismissal of the portion of Count 2 that was adjudicated in the September 20, 2020 order and its dismissal of Count 4.

### VII. Count 6: "Strict Liability in Tort for Misconduct of a Lawyer;" and Count 7: "Liability of Lawyer Misconduct Causing Harm/Damage to a Foreseeable Third-Party Non-Client Ethical Differentiation Standard."

Counts 6 and 7 of Appellant's First Amended Complaint for Damages seek to establish new common law causes of action for strict liability in tort for a lawyer's misconduct that results in damage to a third party who is not the lawyer's client. In fact, in its First Amended Complaint, Appellant acknowledged that it sought recognition of a new common law tort in those counts, i.e., Appellant "seek[s] to establish a new common law action . . . ." Appellees moved to dismiss Counts 6 and 7 for failure to state a claim on

- 13 -

which relief could be granted pursuant to Rule 12 of the Tennessee Rules of Civil Procedure. In its July 19, 2019 order, the trial court granted Appellees' motion and dismissed counts 6 and 7 on the ground that Appellant sought to pursue causes of action that were not supported by existing Tennessee law.

In its brief, Appellant requests that this Court establish the new causes of action contemplated in Counts 6 and 7 of the First Amended Complaint. We have no authority to do so. *See Sachenbacher v. Lawler*, 633 S.W.2d 481, 483-84 (Tenn. Ct. App. 1981) (quoting *Rush v. Great American Insurance Co.*, 376 S.W.2d 454 (Tenn. 1964) (stating that it is not within the Court of Appeals' province to create a "new action which was unknown at the common law and has not been provided for by statute")); *see also Taylor v. Beard*, No. W2001-00347-COA-R3-CV, 2001 WL 1381355, at *3 (Tenn. Ct. App. Nov. 5, 2001) (declining "the authority for this intermediate appellate court to create new law"). Accordingly, we decline Appellant's invitation to establish these new claims and affirm the trial court's dismissal of Counts 6 and 7 of the First Amended Complaint.

## VIII. Denial of Appellant's Tennessee Rule of Civil Procedure Rule 12.05 Motion for More Definite Statement and for Stay of Case Pending Appeal of Underlying Case.

### A. Appellant's Motion for More Definitive Statement

On July 15, 2020, Appellant filed a motion for more definitive statement, to deny the second motion for dismissal, and for stay of the case pending appeal of the underlying Case under Rule 12.05 of the Tennessee Rules of Civil Procedure, which provides:

> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired. If the motion is granted and the order of the court is not obeyed within fifteen (15) days after notice of the order or within such other time as the court may fix, the court may strike the pleading to which the motion was directed or may make such order as it deems just.

As set out in its motion, Appellant claimed that Appellees did not accompany their motion for summary judgment with a separate, concise statement of material facts. Appellant argued that Appellees' motion: (1) did not set out the material facts in separate, numbered paragraphs; (2) did not cite to the record; and (3) used argumentative language. Despite these allegations, Appellant filed a response to Appellees' statement of facts on July 15, 2020.

In its September 20, 2020 order, the trial court denied Appellant's motion on its finding that Appellees'

Statement of Material Facts, filed August 5th, 2019, with its Second Motion to Dismiss, contains separate, concise, material facts set forth in separate, numbered paragraphs and each is cited to the record in this case. The Court finds a more definite statement is not necessary in this case for the [Appellant] to respond and the [Appellant] has, in fact, responded. Accordingly, the [Appellant's] Motion for More Definite Statement is DENIED. Further, the Court finds it unnecessary to stay all proceedings pending appeal of the underlying Chancery case or to order full discovery of the parties at this time.

From our review of the record, we conclude that the record supports the trial court's finding as Appellees' statement of material facts filed with its second motion seeking dismissal lists the material facts in separate, numbered paragraph and cites to the record. This, coupled with the fact that Appellant did, in fact, respond to the statement of material facts, leads only to the conclusion that there was no need for a more definite statement. As such, we conclude that the trial court did not abuse its discretion in denying Appellant's motion.

### B. Appellant's Request for Stay Pending Appeal

As set out in its September 20, 2020 order, the trial court denied Appellant's motion for stay pending appeal. Now, in the "Relief Requested" section of its Brief, Appellant asks this Court to impose

[a] temporary stay . . . directing the trial court upon mandate to withhold further dispositive action until such time as all appeal proceedings for [the Underlying Case] are complete and fully concluded, enforcing the spirit of TRCP 1.01 or in the alternative hold the case short of mandate pending resolution of all pending cases related to the destruction of Hill Boren P.C. and related litigation.

There is no basis for such relief as this Court's dismissal of the appeal in the Underlying Case rendered the appellate proceedings for that case "complete and fully concluded." As such, we deny Appellant's request for stay, and affirm the trial court's denial of Appellant's motion for stay.

### IX. Conclusion

For the foregoing reasons, we vacate the trial court's dismissal of Count 4 of the First Amended Complaint and its dismissal of the portion of Count 2 that was dismissed in the trial court's September 20, 2020 order on the grounds of res judicata and collateral estoppel. The trial court's orders are otherwise affirmed, and the case is remanded for such

further proceedings as may be necessary and are consistent with this opinion. Appellant's motion for stay is denied. Costs of the appeal are assessed one-half to Appellant, The Law Offices of T. Robert Hill, PC, and one-half to Appellees, Lewis Latane Cobb, Teresa Anne Luna, and Spragins, Barnett & Cobb, PLC, for all of which execution may issue if necessary.

_____s/ Kenny Armstrong_____
KENNY ARMSTRONG, JUDGE